[No. F055858. Fifth Dist. Sept. 2, 2009.]

CANANDAIGUA WINE COMPANY, INC., Plaintiff and Appellant, v. COUNTY OF MADERA et al., Defendants and Respondents; MADERA COUNTY ASSESSOR, Real Party in Interest and Respondent.

COUNSEL

Winston & Strawn, Charles J. Moll III, Amanda L. Groves, Troy M. Van Dongen and Kathleen F. McConnell for Plaintiff and Appellant.

Cota Cole & Associates, Dennis M. Cota and Carolyn J. Frank for Defendants and Respondents.

**OPINION**

**LEVY, J.**—Appellant, Canandaigua Wine Company, Inc., purports to appeal from an order summarily adjudicating one of the three causes of action in its petition for writ of administrative mandate. However, this is not an appealable order. Accordingly, we will dismiss the appeal.

## BACKGROUND

In 1994, appellant purchased the Almaden and Inglenook wine businesses for $127,733,795. As part of this sale, appellant acquired a winery located in Madera County. Appellant promptly recorded a preliminary change of ownership report for this winery stating a total purchase price of $72,896,000 for the Madera County real property.

Although required to appraise this property at its full cash value as of the date the change in ownership occurred (Rev. & Tax. Code, § 75.10), respondent, the Madera County Assessor (Assessor), did not issue a supplemental assessment or otherwise establish a new base year value reflecting this change. Consequently, appellant filed an application for changed assessment for the 1995 tax year with respondent, the Madera County Assessment Appeals Board (AAB). Thereafter, appellant filed applications for changed assessment for the 1996, 1999, 2000, 2001 and 2002 tax years.

The AAB conducted a hearing on appellant's applications in December 2003. Appellant's evidence allocated approximately $40 million of the

$127,733,795 total purchase price to the assessable property at the winery. However, the AAB based its value determination on the preliminary change of ownership report. Thus, the AAB set a base year value of $72,896,000 for the real property. The AAB then added $2,064,000 for the assessable personal property for a total base year value of $74,960,000.

Appellant filed the underlying petition for writ of administrative mandamus or mandate in the trial court setting forth three causes of action. The first cause of action challenges the AAB's decision on the ground that appellant's appeals relating to tax years 1995, 1996, 1999, 2000, 2001 and 2002 were not timely heard. The second cause of action alleges that for each of the tax years after 1995, the AAB failed to enroll the property's trended base year value as required by Revenue and Taxation Code section 51. In the third cause of action, appellant challenges the AAB's new base year value for the winery.

Appellant also filed two complaints for refund of property taxes, one covering tax years 1994 through 1996 and a second one covering tax years 1999 through 2002. Respondent, the County of Madera (County), was the only named defendant. Appellant's three pending actions were consolidated for trial.

The parties filed cross-motions for summary adjudication of the third cause of action of the writ petition, i.e., the challenge to the AAB's base year value for the 1995 tax year. The trial court granted appellant's motion in part holding that the AAB erred when it adopted the preliminary change of ownership report as the winery's purchase price. However, the court declined appellant's request to determine, as a matter of law, both the transaction purchase price and the fair market value for the winery based on a pro rata allocation of that purchase price. Rather, the court remanded the matter to the AAB with directions to recalculate the value of the subject property.

Appellant filed an appeal from this writ order. Appellant agrees with the trial court's ruling that the AAB's decision must be reversed. However, appellant finds fault with the remand to the AAB. Rather, appellant asserts, the trial court should have determined the winery's base year value as a matter of law.

The County and the Assessor moved to dismiss this appeal. They argue that the appeal is premature because the writ order appealed from does not dispose of all causes of action between the parties.

### DISCUSSION

In general, a judgment that fails to completely dispose of all the causes of action between the parties is not appealable. (*Morehart v. County of*

*Santa Barbara* (1994) 7 Cal.4th 725, 743 [29 Cal.Rptr.2d 804, 872 P.2d 143] (*Morehart*).) This is so even if the disposed of causes of action were ordered to be tried separately or are " 'separate and independent' " from the causes of action remaining. (*Ibid.*) Otherwise the appeal is contrary to the " 'one final judgment' rule, a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697 [107 Cal.Rptr.2d 149, 23 P.3d 43] (*Griset*).)

█ Similarly, a ruling on a petition for writ of mandate is not appealable if other causes of action remain pending between the parties. (*Griset, supra,* 25 Cal.4th at p. 697.) Allowing such an appeal "would defeat the purpose of the one final judgment rule by permitting the very piecemeal dispositions and multiple appeals the rule is designed to prevent." (*Ibid.*) Although trial court orders are appealable when made so by statute, there is no statute that makes an order on a writ petition separately appealable when other causes of action remain unresolved. (*Id.* at pp. 696–697.)

█ The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292 [91 Cal.Rptr.2d 60].) Accordingly, if the order or judgment is not appealable, the appeal must be dismissed. (*Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115, 119 [61 Cal.Rptr.2d 370].)

█ Here, only one out of three causes of action in the writ petition was disposed of leaving two causes of action pending between the parties. Moreover, appellant's two complaints for refund also remain to be decided. Accordingly, under the rule set forth in *Morehart*, the writ order granting partial summary adjudication is not appealable.

Appellant acknowledges that under *Morehart* and *Griset* its notice of appeal is premature. Nevertheless, appellant filed this notice of appeal "in an abundance of caution" based on the arguably contrary authority of *Exxon Mobil Corp. v. County of Santa Barbara* (2001) 92 Cal.App.4th 1347 [112 Cal.Rptr.2d 751] (*Exxon Mobil*).)

In *Exxon Mobil*, the taxpayer filed a complaint seeking a property tax refund. The first cause of action challenged the method used by the county assessor and the assessment appeals board in valuing the taxpayer's oil processing facility. The second and third causes of action alleged that the taxpayer was not liable for interest accruing on the additional taxes levied. The second and third causes of action were bifurcated and valuation was tried first.

In ruling on the first cause of action, the trial court concluded the wrong valuation method was used. Reserving jurisdiction, the trial court remanded

the matter back to the assessment appeals board to redetermine the value of the property in question. The county appealed.

Under these circumstances, Division Six of the Second District Court of Appeal held the county's appeal was not premature because "in tax refund cases, an order directing the assessment appeals board to apply a different valuation methodology and redetermine value is appealable." (*Exxon Mobil, supra,* 92 Cal.App.4th at p. 1351.) In reaching this conclusion, the court limited its discussion to whether the trial court's retention of jurisdiction to review the assessment appeal board's findings affected the finality and appealability of the judgment. The court concluded it did not. However, the court did not discuss the impact, if any, of the two remaining causes of action.

■ Appellant interprets the Second District's silence on the pending causes of action as implying that *Morehart* is inapplicable where an order directs an assessment appeals board to redetermine value applying a different valuation method. However, this is not the case. *Morehart* and *Exxon Mobil* are reconcilable in that the existence of pending causes of action between the parties does not invariably render the order nonappealable. Rather, the finality of the order at issue is dependent on the substance of the remaining causes of action.

In *Exxon Mobil*, the remand to the assessment appeals board left only *legal* questions pending before the trial court, i.e., the taxpayer's liability for interest accruing on the additional taxes. There was no unresolved issue of fact requiring remand to the assessment appeals board. Under these circumstances, the pending causes of action did not affect the appealability of the trial court's order directing the assessment appeals board to redetermine the value of the property at issue. (*Los Angeles SMSA Ltd. Partnership v. State Bd. of Equalization* (1992) 11 Cal.App.4th 768, 774, fn. 3 [14 Cal.Rptr.2d 522].)

■ Similarly, an order constitutes a final judgment despite other causes of action remaining if the order effectively disposes of the entire case. For example, an order is appealable if it resolves an allegation that is essential to all of the causes of action. (*Griset, supra,* 25 Cal.4th at pp. 698–699.)

Here, however, resolution of the remaining causes of action will require additional findings of fact. Whereas the writ petition's third cause of action concerns the new base year value of the winery, the second cause of action concerns the adjusted base year value for subsequent years. The petition alleges that the Assessor erred in enrolling the winery at the same value for the 1995, 1996, 1999, 2000, 2001 and 2002 tax years because the assessable real and personal property has declined in value due to variable factors such

as obsolescence of the property, depreciation of the fixtures, and decreases in the useful lives of the machinery and equipment. Thus, the resolution of the third cause of action does not dispose of the entire case. In other words, a determination of the base year value does not automatically determine the assessable value for subsequent years. Rather, issues of fact remain regarding the alleged declines in value. Accordingly, the order remanding the matter to the AAB is nonappealable and the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed. The parties shall bear their own costs on appeal.

Ardaiz, P. J., and Vartabedian, J., concurred.