Filed 12/10/14  Schneider National v. Ellis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCHNEIDER NATIONAL, INC. et al., | |
| Plaintiffs and Respondents, | G050596 |
| v. | (Super. Ct. No. CIVDS906308) |
| WALTER L. ELLIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of San Bernardino County, John M. Pacheco, Judge.  Motion to dismiss appeal granted.  Appeal dismissed.

Walter L. Ellis, in pro. per., for Defendant and Appellant.

Tharpe & Howell, David S. Binder and Sigalit Shoghi for Plaintiffs and Respondents.

\*        \*        \*

THE COURT:*

We dismiss defendant's appeal for lack of jurisdiction.

BACKROUND

Plaintiffs and respondents Schneider National, Inc. and Jeff Ames (collectively, respondents) obtained default judgments against defendant and appellant Walter Ellis. Ellis moved unsuccessfully under Code of Civil Procedure section 473, subdivision (b) to vacate the default judgments for mistake and excusable neglect. (All further statutory references are to the Code of Civil Procedure.) Ellis filed an appeal (appeal No. 1) from the default judgments, the order denying the motion to vacate, and other orders. Among the orders Ellis challenged in appeal No. 1 was the trial court's denial of Ellis's motion to disqualify the trial judge for bias pursuant to section 170.6. The trial court had denied the peremptory challenge as untimely.

Division Two of this court dismissed on various grounds the bulk of appeal No. 1, including the appeal from the order denying the peremptory challenge. The dismissal order specifically noted an order denying a peremptory challenge "is not appealable and may be reviewed only by timely petition for writ of mandate. (§ 170.3, subd. (d); *People v. Webb* (1993) 6 Cal.4th 494, 522-523.)" Division Two allowed the prior appeal to proceed as to one order: the denial of the motion to vacate the default judgments.

Following transfer of appeal No. 1 to Division Three, and while that appeal was pending, Ellis filed a new trial court motion to vacate the default judgments, this time under subdivision (d) of section 473. The premise of this motion was that the peremptory challenge was timely, rendering all subsequent trial court orders and judgments void.

_____

2

Before O'Leary, P.J., Ikola, J., and Thompson, J.

The trial court denied this second motion to vacate, reiterating its earlier ruling the peremptory challenge had been untimely.  Ellis promptly appealed from that order (appeal No. 2).  Respondents filed a motion to dismiss appeal No. 2 on numerous grounds, including mootness.

A few weeks later, a panel of this court issued its decision in appeal No. 1, reversing in part and affirming in part the order denying Ellis's first motion to vacate the default judgments, and ordering a modification of one of the judgments upon remand.  Before the remittitur issued in appeal No. 1 and while appeal No. 2 was still pending, Ellis filed a new peremptory challenge to the trial judge.  The trial court denied the peremptory challenge as untimely and Ellis filed the instant appeal from that order (appeal No. 3).

On October 7, 2014, another panel of this court in a per curium opinion granted the motion to dismiss appeal No. 2, finding appeal No. 2 was moot.  The opinion stated:  "Ellis cannot possibly prevail in the instant appeal premised on the validity of the peremptory challenge and the resulting voidness of all successive orders and judgments." (*Schneider National Inc. v. Walter Ellis* (Oct. 7, 2014, G049552) [nonpub. opn.].)

Eight days later, respondents filed the instant motion to dismiss appeal No. 3, citing numerous grounds for dismissal.  Respondents also requested sanctions against Ellis for filing a frivolous appeal.

Ellis has filed no opposition.

DISCUSSION

Respondents offer five grounds for dismissing this latest appeal, but the first and most obvious one suffices:  The appeal is from a nonappealable order.

Section 170.3, subdivision (d) provides:  "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal" sought within 10 days of

3

notice to the parties of the decision and only by the parties to the proceeding. (See *People v. Mayfield* (1997) 14 Cal.4th 668, 811 [a writ petition is the exclusive means for reviewing an order granting or denying judicial disqualification]; *People v. Hull* (1991) 1 Cal.4th 266, 276.)

Appellate courts lack jurisdiction to entertain an appeal from a nonappealable judgment or order. (*Canandaigua Wine Co., Inc. v. Cty of Madera* (2009) 177 Cal. App. 4th 298, 302 ["if the order or judgment is not appealable, the appeal must be dismissed"].) Consequently, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed. The request for sanctions is denied. Costs on appeal are awarded to respondents.