Filed 3/27/15  Marriage of S.L and A.S. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of S.L. and A.S. | H040872<br>(Santa Cruz County<br>Super. Ct. No. FL033048) |
| S.L.,<br><br>      Respondent,<br><br>      v.<br><br>A.S.,<br><br>      Appellant. | |

## I.  INTRODUCTION

Appellant A.S. and respondent S.L. married in 1993.  Their only child was born in 2006.  Respondent, the husband, petitioned for dissolution of marriage in 2011.  In 2012, appellant and respondent were awarded joint custody of their child.  Appellant later reported that respondent had molested the child.  On February 6, 2014, after an evidentiary hearing, the trial court determined that the allegations of child abuse against respondent were unfounded, and that appellant was affecting the child's beliefs regarding abuse.  The court awarded respondent sole legal and physical custody of the child and allowed appellant limited weekly visits supervised by a professional.

On appeal, appellant contends that the February 6, 2014 order, which awarded respondent sole legal and physical custody of the child and supervised visitation by appellant, must be reversed. She requests reinstatement of the prior 2012 order in which the parties were awarded joint custody of the child or, alternatively, a new trial.

For reasons that we will explain, we determine that the February 6, 2014 order is nonappealable. We will therefore dismiss the appeal without reaching the merits.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and responded married in 1993, and their only child, a son, was born in 2006. Respondent petitioned for dissolution of marriage in 2011. In April 2012, the trial court awarded respondent and appellant joint legal and physical custody of the child.

### A. *Allegations of Child Abuse Against Respondent in 2010 and 2011*

In the meantime, in 2010 and in 2011, before and after respondent had petitioned for dissolution of marriage, appellant alleged that respondent had sexually abused their child. Child Protective Services (CPS) investigated the first allegation, and the referral was closed as inconclusive. The CPS investigation into the second allegation was also closed after CPS determined that the referral was unfounded.

### B. *Allegations of Child Abuse Against Respondent in 2013 and Order to Conduct a Family Code section 3118 Evaluation*

In early 2013, appellant, through her attorney, reported to the police and CPS that respondent had molested their child. Appellant was initially given sole custody of the child with no visitation by respondent. The trial court later ordered that respondent would have only professionally supervised visits with the child two times per week. The court appointed Michael Kerner, Ph.D., as an expert to conduct an evaluation pursuant to

2

Family Code section 3118[1] and to make recommendations regarding custody and visitation.

At some point, CPS closed the 2013 referral regarding the purported abuse of the child as inconclusive.

### C. *Dr. Kerner's Report and Recommendations*

In mid-May 2013, Dr. Kerner provided a report to the trial court and the parties regarding his evaluation under section 3118 and recommendations regarding custody. Dr. Kerner indicated that, although it was impossible to rule out with certainty that the child had been abused by respondent or someone else, he could not conclude that respondent had sexually abused the child. Dr. Kerner also expressed concern about appellant affecting the child's beliefs regarding abuse.

Dr. Kerner's recommendations included that respondent have temporary legal custody and primary physical custody of the child. Regarding appellant, Dr. Kerner recommended that she have professionally supervised visitation with the child every other day for two hours. He further recommended that appellant begin weekly therapy with a licensed mental health professional, that the child return to therapy, and that the

_____

[1] Family Code section 3118, subdivision (a) provides in part: "In any contested proceeding involving child custody or visitation rights, where the court has appointed a child custody evaluator or has referred a case for a full or partial court-connected evaluation, investigation, or assessment, and the court determines that there is a serious allegation of child sexual abuse, the court shall require an evaluation, investigation, or assessment pursuant to this section. . . . For purposes of this section, a serious allegation of child sexual abuse means an allegation of child sexual abuse, as defined in Section 11165.1 of the Penal Code, that is based in whole or in part on statements made by the child to law enforcement, a child welfare services agency investigator, any person required by statute to report suspected child abuse, or any other court-appointed personnel, or that is supported by substantial independent corroboration as provided for in subdivision (b) of Section 3011. When an allegation of child abuse arises in any other circumstances in any proceeding involving child custody or visitation rights, the court may require an evaluator or investigator to conduct an evaluation, investigation, or assessment pursuant to this section."

All further statutory references are to the Family Code unless otherwise indicated.

3

therapists be provided with a copy of his report. After three months of weekly therapy participation by appellant, she would have supervised visitation with the child five days per week for up to two hours per visit. Dr. Kerner further recommended that the parties return in six months to determine, among other matters, appellant's and the child's progress in therapy, and to revisit regular timeshare regarding the child. Dr. Kerner indicated that this custody and visitation plan was intended to be short-term, and that the parties would return in six months for a long-term plan as determined by the progress in therapy.

Based upon Dr. Kerner's report, and upon ex parte application of respondent, the trial court on May 16, 2013 granted respondent temporary physical custody of the child, with professionally supervised visitation by appellant every other day for two hours. The court subsequently denied multiple requests by appellant to modify the custody order.

**D.** *The Evidentiary Hearing Regarding Dr. Kerner's Evaluation and Report Pursuant to Section 3118*

An evidentiary hearing was conducted over the course of six days between June and September 2013 regarding the section 3118 evaluation and the allegations that respondent had abused the child. Dr. Kerner, appellant, and respondent, among others, testified at the hearing.

In the meantime, a status-only judgment of dissolution was filed on September 12, 2013.[2]

**E.** *The Trial Court's February 6, 2014 Statement of Decision and Order*

Following the evidentiary hearing, on February 6, 2014, the trial court determined in a statement of decision and order that the allegations of sexual and physical abuse

---

[2] As we will explain, respondent makes reference to a judgment entered in this action. The record on appeal does not contain any judgment. On our own motion, we augment the record on appeal to include the status-only judgment of dissolution. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

against respondent were unfounded, and that appellant was affecting the child's beliefs regarding abuse. The court also found that appellant's disclosures about alleged abuse were substantially motivated by a desire for financial gain and to limit respondent's custody time with the child.

In the statement of decision and order, the trial court awarded respondent sole legal and physical custody of the child and allowed appellant limited weekly visits supervised by a professional. The trial court further indicated that it was adopting the custody and therapy recommendations contained in Dr. Kerner's report, except as modified by the court's order.

The trial court characterized its statement of decision as a "permanent custody order" and an "Order After Hearing" that "may only be subsequently modified based on a showing of a substantial change of circumstances." The court also stated in its decision and order that it was "going to re-refer the matter to Dr. Kerner due to his familiarity with the parties and issues here, and ask that he make a recommendation to the Court as to whether any further psychiatric evaluation would be appropriate under the circumstances or, alternately, given [appellant's] denial that she has any psychological issues which need to be addressed, whether there are any of his custody recommendations that should be changed such as to extend without time limit the supervision requirements. [¶] Until that recommendation is received, the current custody order, providing limited weekly professionally supervised visits shall remain in place, and [respondent] will have sole legal and physical custody of [the child]."

**F. *The February 7, 2014 Status Hearing***

Before the trial court issued its February 6, 2014 decision and order regarding custody, the court had scheduled a status hearing for February 7, 2014 regarding another issue in the case. At the February 7, 2014 status hearing, after a reference was made to Dr. Kerner's report, the court stated that it was "distressing . . . that [appellant] is holding on to her beliefs." The court further stated: "So notwithstanding the decision I sent you

5

yesterday, the one thing I want to clarify is that to the extent that Dr. Kerner recommended any particular limited time for psychiatric treatment, I'm going to remove that time. [¶] And as far as I am concerned, the treatment will continue until [appellant] comes to a different belief-set, and if that doesn't happen within the next six months, I'll probably recommend a further psychiatric evaluation to determine whether it would be in everyone's best interest to terminate her parental rights."

The trial court indicated that it wanted another report from appellant's therapist in six months. The court explained that "[i]f the report is basically to the same effect [of one that it had already received], that [appellant] continues to hold onto the belief that her child is continually being molested, then the problem is profound enough that probably the next step would be to initiate some kind of provision to terminate her parental rights." The court set a review hearing for August 8, 2014. The court directed respondent to prepare a written order reflecting its ruling "regarding the issue of how long the psychiatric or other psychological therapy has to go on," and specifically, "to remove any argument that it is somehow limited by the six months that Dr. Kerner originally proposed."

### G. *Appellant's April 2014 Notice of Appeal*

On April 4, 2014, appellant filed a notice of appeal from the trial court's February 6, 2014 order.

### H. *The June 2014 Judgment on Reserved Issues*

On June 30, 2014, a judgment on reserved issues was filed.[3] The judgment addresses spousal support and property issues. The judgment also addresses child support. In this regard, the judgment states: "The custody issue remains the subject of an

---

[3] As we will explain, respondent makes reference to a judgment entered in this action. The record on appeal does not contain any judgment. On our own motion, we augment the record on appeal to include the June 30, 2014 judgment on reserved issues. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

6

ongoing trial between the parties; as a result the Court is setting child support at zero and reserving jurisdiction over the issue retroactive to the date of the ex parte change of custody from [appellant] to [respondent] (with limited supervised visits to [appellant])." The judgment further states that "[a]ll other issues are reserved for separate trial/hearing."

**I.** *The September 2014 Order After Status Hearing of February 7, 2014*

On September 11, 2014, the trial court's findings and order after the February 7, 2014 status hearing was filed.[4] The order states in relevant part: "1. To the extent that the Statement of Decision and Dr. Kerner's recommendation incorporated therein make any recommendation for a set period of mental health treatment for [appellant], that recommendation is hereby stricken. [¶] 2. The parties shall return for review on August 8, 2014 . . . for the review of visitation. [Appellant's] therapist . . . shall provide a report to the Court on [appellant's] progress in therapy in advance of the August 8, 2014, hearing."

## III. DISCUSSION

Appellant contends that the February 6, 2014 order, which awarded respondent sole legal and physical custody of the child with supervised visitation by appellant, must be reversed for several reasons, including that the trial court made errors at law, certain findings by the court conflict with prior findings, the court made improper evidentiary rulings, the court made erroneous factual findings, and Dr. Kerner's report is defective. Appellant also argues that the court erred in granting respondent temporary physical custody of the child on May 16, 2013, shortly after Dr. Kerner's report was issued. Appellant requests reinstatement of the April 2012 custody order, in which she and

---

[4] Respondent makes reference to the February 7, 2014 status hearing and the fact that he was directed to prepare an order concerning the trial court's rulings at that hearing. The record on appeal does not contain the court's order concerning the February 7, 2014 hearing. On our own motion, we augment the record on appeal to include the September 11, 2014 findings and order after hearing of February 7, 2014. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

respondent were awarded joint legal and physical custody of the child, or a new trial. Appellant contends that child custody and visitation orders that are issued after a contested hearing are appealable. She further argues that an order regarding modification of a prior final child custody order is appealable as an order after a final judgment.

Respondent contends that the February 6, 2014 order is a nonappealable interlocutory order. He asserts that the final judgment on reserved issues was not entered until June 30, 2014, which was after appellant filed her April 4, 2014 notice of appeal. Respondent contends that the appeal should therefore be dismissed. He requests, however, that this court treat the appeal as being from the June 30, 2014 judgment on reserved issues, or as a petition for an extraordinary writ. Regarding the substance of the appeal, respondent contends that appellant's arguments fail and that the February 6, 2014 order should be affirmed.

In reply, appellant does not address whether the appeal should be treated as a petition for an extraordinary writ.

We will begin by addressing the threshold issue of appealability. "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. Thus, this court is obligated to review the question of appealability. [Citations.]" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292 (*Doran*).) "[I]f the order or judgment is not appealable, the appeal must be dismissed. [Citation.]" (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302 (*Wine Co.*).)

"It is settled that the right to appeal is strictly statutory, and a judgment or order is not appealable unless made so by statute. [Citation.] In civil matters, Code of Civil Procedure section 904.1 is the main statutory authorization for appeals. Code of Civil Procedure section 904.1, subdivision (a) provides in relevant part that an appeal may be taken from: a final judgment (subd. (a)(1)); an order made after an appealable judgment (subd. (a)(2)); or 'an order made appealable by the provisions of the Probate Code or the Family Code' (subd. (a)(10)). [¶] The Family Code contains no express provision

8

governing appeals of child custody orders, except for those to enforce an order for the return of a child under the Hague Convention on the Civil Aspects of International Child Abduction. [Citation.] Thus, the right to appeal a child custody determination is generally limited to final judgments and orders made after final judgments. [Citations.]" (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.)

" ' "A judgment is final 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " [Citations.]' [Citation.] As the [California Supreme Court] has further explained: ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." [Citations.]' [Citation.]" (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1251-1252 (*Critzer*).)

"[A]n order made after an appealable judgment is itself appealable." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*), fn. omitted [construing former Code Civ. Proc., § 904.1, subd. (b), now Code Civ. Proc., § 904.1, subd. (a)(2)].) However, "not every postjudgment order that follows a final appealable judgment is appealable." (*Lakin*, at p. 651.) Nonappealable postjudgment orders include those that "although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal." (*Id.* at p. 652.) In contrast, appealable postjudgment orders include those "making a final determination of rights or obligations of parties." (*Id.* at p. 653.)

In this case, we determine that the trial court's February 6, 2014 decision and order is not an appealable order or judgment, or an appealable postjudgment order. We

9

observe that the court characterized the decision and order as a final or permanent custody order. However, the court also stated in the decision and order that it was "going to *re-refer* the matter to Dr. Kerner due to his familiarity with the parties and issues here, *and ask that he make a recommendation* to the Court as to whether any further psychiatric evaluation would be appropriate under the circumstances or, alternately, given [appellant's] denial that she has any psychological issues which need to be addressed, whether there are any of his custody recommendations that should be changed such as to extend without time limit the supervision requirements." (Italics added.) The court further stated in the decision and order that, "[u]*ntil that recommendation is received*, the current custody order, providing limited weekly professionally supervised visits shall remain in place, and [respondent] will have sole legal and physical custody of [the child]." (Italics added.) Thus, the court contemplated receiving additional information from Dr. Kerner regarding a potential psychiatric evaluation of appellant and regarding custody recommendations, and the child custody and visitation issue remained for further consideration and a final determination by the court. Under these circumstances, where future proceedings are contemplated and where further judicial action is necessary to a final determination of the rights of the parties with respect to child custody and visitation, the February 6, 2014 order concerning custody and visitation is not appealable. (See *Critzer*, *supra*, 187 Cal.App.4th at pp. 1251-1252; *Lakin*, *supra*, 6 Cal.4th at pp. 652, 653.)

We further observe that, although the trial court's subsequent September 11, 2014 order (after the status hearing of February 7, 2014) removed any "set period of mental health treatment" for appellant that had been recommended by Dr. Kerner, the September 11, 2014 order does not indicate that the court had decided to forego further consideration of the custody and visitation issue following a "re-refer[ral]" to and recommendation from Dr. Kerner or other mental health practitioner. To the contrary, the September 11, 2014 order provides that appellant's therapist must provide a report to

10

the court regarding appellant's progress in therapy, in advance of the scheduled review hearing.

Appellant generally argues in her opening brief that child custody and visitation orders that are issued after a contested hearing are appealable, citing *Montenegro v. Diaz* (2001) 26 Cal.4th 249 (*Montenegro*). She further argues that an order regarding modification of a prior final child custody order is appealable as an order after a final judgment, citing *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072 (*LaMusga*).

These cases do not support the proposition that the order at issue in this case is appealable. Neither *Montenegro* nor *LaMusga* involved a custody order in which the trial court left issues for further consideration or determination as in this case. (See *Montenegro*, *supra*, 26 Cal.4th at p. 254 [trial court's order awarded physical custody to one parent and visitation to the other parent on alternate weekends, holidays, and summer weeks]; *LaMusga*, *supra*, 32 Cal.4th at pp. 1085-1086 [trial court's order provided for different custody arrangements depending on whether the mother relocated out of state].)

Respondent asserts that all issues in the case were subsequently resolved upon the filing of the June 30, 2014 judgment on reserved issues. He contends that appellant's notice of appeal may therefore be considered as filed immediately after entry of that judgment.

We are not persuaded by respondent's contention. The judgment on reserved issues states that "[t]he custody issue remains the subject of an ongoing trial between the parties; as a result the Court is setting child support at zero and reserving jurisdiction over the issue retroactive to the date of the ex parte change of custody from [appellant] to [respondent] (with limited supervised visits to [appellant])." The judgment further states that "[a]ll other issues are reserved for separate trial/hearing." Although some of this language in the June 30, 2014 judgment on reserved issues appears to have been taken verbatim from an order that *preceded* the February 6, 2014 custody order at issue in this appeal, we are unable to conclude that this language concerning the "ongoing" issue of

11

child custody was included in the judgment in error. Rather, it is consistent with our interpretation of the February 6, 2014 custody order as not being a final order for purposes of appeal.

Although respondent contends that "[t]his appeal should be dismissed as being taken from a nonappealable order," he requests that this court treat the appeal as a petition for an extraordinary writ.

"An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances. [Citation.] 'A petition to treat a nonappealable order as a writ should only be granted under extraordinary circumstances, " 'compelling enough to indicate the propriety of a petition for writ . . . in the first instance . . . .' [Citation.]" ' [Citation.]" (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 (*Arnaiz*).)

In *Olson v. Cory* (1983) 35 Cal.3d 390 (*Olson*), a case involving a claim by judges and judicial pensioners to interest on salary and pension increases, the California Supreme Court treated an appeal from a nonappealable order as a petition for an extraordinary writ. The court observed that requiring a final judgment might lead to unnecessary proceedings below regarding, for example, attorney's fees, and that all the issues in the litigation had since been resolved except for the one presented to the court. (*Id.* at pp. 400-401.) The court ultimately concluded that dismissing the appeal rather than reaching the merits through a mandate proceeding "would, under the unusual circumstances before [the court], be ' "unnecessarily dilatory and circuitous." ' [Citation.]" (*Id.* at p. 401.)

We do not believe the instant case presents "unusual circumstances" warranting that we treat the appeal as a petition for an extraordinary writ. (*Olson, supra*, 35 Cal.3d at p. 401; *Arnaiz, supra*, 96 Cal.App.4th at p. 1367.) It is apparent from the trial court's February 6, 2014 decision and order, and the subsequent proceedings reflected in the

record on appeal, that the court contemplated receiving further information from one or more mental health practitioners before finally determining the issue of child custody and visitation. We are reluctant to reach the merits of the February 6, 2014 order under these circumstances. Moreover, given the amount of time that has passed since that decision and order, it is likely that the court has already obtained additional relevant information, and it would be important for the trial court to know that information before making any final determination regarding custody or visitation. Therefore, we do not reach the merits of appellant's contentions through a mandate proceeding.

Accordingly, because the February 6, 2014 order is nonappealable, we lack jurisdiction and therefore we will dismiss the appeal. (*Doran*, *supra,* 76 Cal.App.4th at pp. 1292-1294; *Wine Co.*, *supra*, 177 Cal.App.4th at p. 302.)

## IV. DISPOSITION

The appeal is dismissed. Each party is to bear his or her own costs on appeal.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

MÁRQUEZ, J.