Filed 6/22/16  Silva v. Siciliano CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

PAUL SILVA,

      Cross-complainant and Appellant,

v.

JOHN SICILIANO,

      Cross-defendant and Respondent.

E063754

(Super.Ct.No. RIC1312188)

OPINION

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge.

Affirmed.

Louis G. Fazzi, for Cross-complainant and Appellant.

Law Offices of Beck & Greer and Richard B. Beck for Cross-defendant and

Respondent.

Cross-complainant and appellant Paul Silva (Silva) appeals a May 7, 2015, order

denying his motion to vacate an October 3, 2014, judgment of dismissal of his cross-

complaint against his former attorney, cross-defendant and respondent John Siciliano

(Siciliano).  Silva's cross-action arises from Siciliano's alleged mishandling of a prior

1

civil matter. Silva contends the trial court denied him his due process right to a meaningful opportunity to amend his cross-complaint to set forth several cognizable causes of action against Siciliano. He faults the court for treating his motion to vacate the dismissal of his cross-action under Code of Civil Procedure[1] section 473, subdivisions (a)(1) and (b), as a motion for reconsideration. We affirm.

## I. PROCEDURAL BACKGROUND AND FACTS[2]

**A. The History of the Parties.**

Beginning in 2007, Siciliano represented Silva, Michael Julian, and Caleb Gilbert in their action for breach of contract and fraud in the sale of a gym, *Julian et al. v. Guaranteed Fitness, Inc.*, Riverside County Superior Court case No. RIC465050 (the *Julian* action). Separately, Siciliano represented Julian in an unlawful detainer action filed in December 2008 by the landlord of the gym's property, *AI HOA Investment Inc. v. Julian et al.*, Riverside County Superior Court case No. TEU004439 (the *AI HOA* action). Silva declined Siciliano's representation in the *AI HOA* action, and AI HOA entered default against Silva. (*Siciliano v. Silva*, (Mar. 22, 2016, E063116) [nonpub. opn.].) In February 2012, the *Julian* plaintiffs prevailed at trial, and thereafter, the parties entered

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] On October 5, 2015, Silva requested judicial notice of the file in another case pending before this court, *John M. Siciliano v. Paul George Silva, et al.* (Mar. 22, 2016, E063116) [nonpub. opn.]). We reserved ruling on the request for consideration with the merits of the appeal. The request is granted. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) Our statement of facts is summarized. For a more detailed statement, refer to the statement of facts in case No. E063116.

into a confidential settlement. (*Siciliano v. Silva*, *supra*, E063116.) On July 2, 2012, Silva retained Siciliano for the limited purpose of resolving the default judgment in the *AI HOA* action; however, AI HOA Investment, Inc. was unwilling to settle. (*Siciliano v. Silva*, *supra*, E063116.)

## B. The Present Action.

On October 23, 2013, Julian filed an action for declaratory relief against Silva and Gilbert to resolve their dispute over entitlement to the settlement funds from the *Julian* action, *Julian v. Silva et al.*, Riverside County Superior Court case No. RIC1312188 (the *Silva* action). (*Siciliano v. Silva*, *supra*, E063116.) On December 10, 2013, Silva filed a verified cross-complaint, asserting causes of action for conspiracy, legal malpractice and breach of fiduciary duty against Siciliano. Silva alleged that Siciliano had "advised SILVA not to file a response to the AI HOA matter," (original underlining) and that "SILVA followed SICILIANO's recommendation and as a direct and proximate result of the carelessness of SICILIANO, SILVA suffered a Default Judgment" in "excess of $500,000.00" in the *AI HOA* action. Silva further claimed that Siciliano and Julian conspired to "place liability for the past due rent in the AI HOA matter" on Silva. (Original underlining.) Silva accused Siciliano of failing to advise Silva of the default taken against him and failing to "obtain a written waiver or consent from either SILVA or JULIAN in violation of Rule 3-310 of the California Rules of Professional Conduct."

On July 11, 2014, Siciliano demurred to Silva's first amended cross-complaint, requesting judicial notice of the dockets and records in the *Julian* and the *AI HOA* actions. Over Silva's opposition, the trial court sustained Siciliano's demurrer without

leave to amend on August 7, 2014. A notice of ruling was served on August 12, 2014, and a judgment of dismissal was entered on October 3, 2014.

On April 3, 2015, Silva moved to vacate the judgment of dismissal pursuant to section 473, seeking leave to file the second amended cross-complaint which was attached to the motion. In opposition, Siciliano argued that it was an untimely motion for reconsideration. Silva replied that both the discretionary and mandatory relief provisions of section 473, subdivision (b), apply, and that it is "not a motion for reconsideration." On May 7, 2015, the trial court denied the motion on the grounds that it was an untimely motion for reconsideration, and there was no new evidence to support the relief requested.

Silva appealed both the October 3, 2014, judgment of dismissal and the May 7, 2015, order denying his motion to vacate. On July 17, 2015, this court granted Siciliano's motion to dismiss the appeal from the October 3, 2014, judgment as untimely. Our review is limited to Silva's appeal of the May 7, 2015, order denying his motion to vacate.

## II. DISCUSSION

### A. Appeal from the Order Denying the Motion to Vacate the Judgment of Dismissal.

Before we reach the merits of Silva's appeal, we address Siciliano's claim that the order is not an appealable order.

"The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. [Citation.] Accordingly, if the order or judgment is not appealable, the

4

appeal must be dismissed. [Citation.]" (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.) "'"While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under . . . section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under . . . section 904.1, subdivision [(a)(2)].'" [Citation.]" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008.) Section 473, subdivision (b) allows a court to relieve a party or the party's counsel from a judgment, dismissal, order, or other proceeding taken against the party through mistake, inadvertence, surprise, or excusable neglect.

Relying on section 473, Silva sought to vacate the judgment of dismissal in order to file a second amended cross-complaint. As such, the order denying the motion is appealable.

## B. Merits of the Motion to Vacate.

Silva asserts that the trial court erred in denying his motion for mandatory relief under section 473 related to the sustaining of Siciliano's demurrer to Silva's first amended cross-complaint without leave to amend.

Under the mandatory provisions of section 473, "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or

5

(2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.  The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties. . . ."  (§ 473, subd. (b).)

Here, Silva sought mandatory relief related to the trial court sustaining Siciliano's demurrer.  The basis for Silva's argument that he was entitled to mandatory relief was that his counsel failed to properly plead his claims in the first amended cross-complaint "due to a lack of a complete understanding and appreciation of the facts in this matter at the time the [first amended cross-complaint] was drafted."[3]

In denying the motion for relief, the trial court treated it as a motion for reconsideration under section 1008 and denied it as being untimely and substantively insufficient.  Silva contends the trial court erred in treating his motion as a motion for reconsideration under section 1008, instead of a motion for relief pursuant to section 473 motion.  We reject his contention.

To the extent Silva's motion for relief relied on the mandatory provision of section 473, it was properly denied.  In *Huh v. Wang* (2007) 158 Cal.App.4th 1406 (*Huh*), the

---

**3** Silva contends that he relied on the discretionary provision of section 473, subdivision (b), which provides for relief "'from a judgment, dismissal, order, or other proceeding taken against [a party] through his or her mistake, inadvertence, surprise, or excusable neglect.'"  However, his motion to vacate did not claim that he had committed any mistakes resulting in the judgment of dismissal.  Rather, the motion specifically blamed Silva's counsel for being unaware of the facts necessary to properly plead claims against Siciliano.

court reviewed section 473 and found the mandatory provision "applies only [to relief sought in response] to defaults, default judgments or dismissals." (*Huh*, *supra*, at p. 1425.) The *Huh* court followed the rationale of many other California appellate courts in holding that summary judgment motions do not fall within the purview of the mandatory relief provision. (*Ibid.*; See *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 143 [summary judgment granted after denial of section 437c, subdivision (h), request for continuance to obtain discovery]; *Vandermoon v. Sanwong* (2006) 142 Cal.App.4th 315, 320 [judgment resulted from an uncontested trial and was therefore not a default judgment].) Following the rationale in *Huh*, the relief Silva sought was related to the grant of Siciliano's demurrer and motion to strike, not a "default[], default judgment[], or dismissal[]." (*Huh*, *supra*, at p. 1425.) As a result, Silva was not entitled to mandatory relief pursuant to section 473.

To the extent Silva's motion for relief relied on the discretionary provision of section 473, it was properly denied. As the trial court observed, Silva's motion again asked the court to decide whether Silva should be granted leave to amend his cross-action. In support of this request, Silva claimed that his counsel recently discovered evidence justifying the amended pleading. Specifically, counsel discovered (1) the declaration of David Wu, chief executive officer of AI HOA, which had been filed in the *AI HOA* action on February 14, 2012, and (2) the fact that the *Julian* action had allegedly not ended until May 7, 2014. However, this evidence was not new, but was either available to, or should have been known by, both Silva and his counsel at the time Silva opposed Siciliano's demurrer to the first amended cross-complaint. Because Silva failed

7

to present any newly discovered evidence justifying a second amended cross-complaint, the trial court acted within its discretion in refusing to vacate the judgment.

## III.  DISPOSITION

The judgment is affirmed.  Siciliano shall recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.