Filed 7/29/21  Lazo v. Keller CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| MARC Y. LAZO et al.,<br><br>  Plaintiffs and Appellants,<br><br>   v.<br><br> RICHARD KELLER,<br><br>  Defendant and Respondent. | G058765<br><br> (Super. Ct. No. 30-2015-00811823 consol. with 30-2018-00994566)<br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Glenda Sanders, Judge.  Dismissed.  Motion to Dismiss.  Granted.  Motion for Sanctions.  Denied.

Kent Salveson; Freedom Law Group and Andrew Phan for Plaintiffs and Appellants.

Schwartzberg│Luther, Sagi Schwartzberg; Swarovski Law and Evgeny Swarovski for Defendant and Respondent.

\*          \*          \*

INTRODUCTION

Plaintiffs Marc Y. Lazo and H&L Holdings Group, LLC (plaintiffs) appeal from the trial court's order requiring each of them to separately pay defendant Richard Keller $4,900 in discovery sanctions. The trial court's sanctions order was not appealable because neither sanctions award was in an amount that exceeded $5,000 per party. (Code Civ. Proc., § 904.1, subd. (a)(12).) We therefore dismiss the instant appeal. Although we dismiss plaintiffs' appeal for lack of jurisdiction, we deny Keller's motion for sanctions against plaintiffs because our record does not show plaintiffs pursued this appeal for an improper motive.

FACTS AND PROCEDURAL HISTORY

As summarized in one of the separate statements submitted in connection with the parties' discovery dispute,[1] this lawsuit "arises out of a promissory note entered into by Defendant Keller and Plaintiff Lazo in September 2012 and obligations rising therefrom, and from an oral agreement between Plaintiffs Lazo and [Jacques] Hattouni and Defendant Keller in December of 2012 with respect to a real estate investment" in real property located in Huntington Beach and the proceeds of a home equity line of credit taken against that property. Lazo, Hattouni, and H&L Holdings Group, LLC, among others, filed a lawsuit against Keller arising out of Keller's "purported lack of authority to conduct business without Mr. Lazo's express consent or that Keller used the $250,000 from the Home Equity Line of Credit for such business."

---

[1] The appellate record solely contains documents filed in connection with the parties' discovery dispute, including the court's orders and plaintiffs' appeal from the court's order awarding Keller sanctions against them; the record does not contain any pleadings.

2

In February 2019, Keller filed four motions to compel further discovery responses from Lazo in Orange County Superior Court case No. 30-2018-00994566.[2] Keller also filed four motions to compel further discovery responses from H&L Holdings.

In its minute order denying the motions as moot, the trial court summarized the course of events leading to its sanctions order as follows: "The motions addressed discovery that had been propounded on 8/4/18 and responded to twice. The motions were originally set for hearing on 3/28/19. At Lazo's request, the hearings were continued to 4/19/19. On 4/4/19—eight months after the discovery was served, four months after the initial responses were reportedly served, two and one-half months after the supplemental responses were served, two months after the motions were filed and just days before the oppositions were due, Lazo/H&L served a second set of supplemental responses to each of the discovery requests. Subsequently, for reasons related to various motions to disqualify and other pending motions in the consolidated matters, the motions were set for hearing on this date. [¶] Because supplemental responses have been provided, the motions are moot as to their substance."

The trial court nevertheless awarded sanctions in favor of Keller and against Lazo and H&L Holdings, explaining: "Based on the failure of both the initial and first set of supplemental responses to comply with the requirements of the Discovery Act as well as the assertion of meritless objections, the court awards Keller monetary sanctions in the amount of $9,800 comprised of 2 hours per motion for counsel's time [16 hours x $350 = $5,600] plus 3 hours per motion for the paralegal's time [24 x $175 = $4,200] for a total of $9,800 to be paid as follows: $4,200 by Lazo and $4,200 by H&L. The court has reduced the sanctions sought because the 8 motions were repetitive and

---

[2]  That case was later consolidated with Orange County Superior Court case No. 30-2015-00811823.

involved much cut and pasting which should not have consumed as many hours as those indicated."

The court later corrected its minute order, nunc pro tunc, to clarify that "Marc Lazo and H&L Holdings Group are each ordered to pay $4,900.00 in sanctions, not $4,200."

Plaintiffs filed a notice of appeal. Keller filed a motion to dismiss the appeal on the ground the trial court's sanctions order is a nonappealable order. Keller also filed a motion for sanctions.

DISCUSSION

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; see *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [the existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal].) Accordingly, if an appeal is taken from an order or judgment that is not appealable, the appeal must be dismissed. (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)

An order awarding monetary sanctions is not appealable unless the order directs payment of monetary sanctions by a party or an attorney for a party in an amount that exceeds $5,000. (Code Civ. Proc., § 904.1, subd. (a)(12).) Here, plaintiffs appealed from the trial court's order that directed plaintiffs to each pay $4,900 in monetary sanctions to Keller. Because the order directing payment of monetary sanctions by each of the plaintiffs does not include an award against a party that exceeds $5,000, there is no appealable order and we dismiss the appeal. We express no opinion on the merits of the appeal.

Keller also filed a motion for sanctions against plaintiffs and their attorney in this court. As we have explained, plaintiffs' appeal is dismissed because it is taken

from a nonappealable order.  We find nothing, however, in the appellate record establishing that the appeal was pursued for an improper motive.  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)  We therefore deny the motion for sanctions.

DISPOSITION

The appeal is dismissed.  Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.