Filed 1/20/26  P. v. Binns CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337619 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA028021) |
| v. | |
| KEYRON LAMONT BINNS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Dismissed.

Keyron Lamont Binns, in pro. per.; S.R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Keyron Lamont Binns appeals from a superior court order declining to take action on his request for recall and resentencing

under Penal Code[1] section 1172.1.  We appointed counsel to represent Binns on appeal.  After reviewing the record, counsel for Binns filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions in Binns's supplemental brief, we have not identified any either.  We now dismiss the appeal as having been taken from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *The Attempted Murder and Binns's Convictions*
        The evidence at trial established that Nichelle Shaw was sitting in her car in the drive-through line at a restaurant at 2:45 a.m. on January 27, 1997, when Binns, pointing a nine-millimeter handgun, and a confederate (who was never identified) approached, forced their way into the car, and drove off with Shaw inside.  As they drove, Binns demanded all of Shaw's money and then insisted that Shaw take the men somewhere to get more money.  She complied and took them to her uncle's home.

        The men entered the uncle's home with Shaw and held the occupants—Shaw's uncle, Malcolm Hardaway (Hardaway), her aunt, Odessa Hardaway, and her three cousins—at gunpoint.  The men took jewelry and other property from the family members.  During the several hours the assailants remained in the residence, Binns struck Hardaway at least twice and sexually assaulted Shaw.

---

[1]      Further statutory references are to the Penal Code.

When Binns attempted to tie the victims with an extension cord, Hardaway, fearing he would be killed, attempted to escape through the front door. Both of the perpetrators followed Hardaway to the porch. A scuffle ensued. Odessa Hardaway was able to lock the men outside and called the police. During the altercation outside the doorway, Hardaway kicked Binns's gun to the curb and ran down the street. Binns yelled, "Smoke that fool," and Binns's confederate fired several shots at Hardaway but missed.

As the police officers approached with their patrol car's sirens sounding, Binns and his companion fled to another street, where they approached Francisco Franco at gunpoint, took Franco's car and wallet, and fled the area.

At the Hardaway residence, the police recovered Binns's jacket, which contained his driver's license. The victims identified Binns as one of the assailants based on the driver's license photograph.

In December 1997 a jury convicted Binns of two counts of carjacking (§ 215, subd. (a)), one count of kidnapping to commit robbery (§ 209, subd. (b)), four counts of first degree home invasion robbery (§ 211), one count of second degree robbery (§ 211), one count of sexual battery of a person who was unlawfully restrained (§ 243.4, subd. (a)), and one count of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664). The jury found true the allegations that Binns personally used a firearm in the commission of the carjacking and four of the robberies but not the attempted murder. (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1).)

In a bifurcated proceeding, the trial court found Binns had suffered three prior serious or violent felony convictions within

the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12). We affirmed Binns's convictions but remanded for resentencing. (*People v. Binns* (Jan. 26, 1999, B119375) [nonpub. opn.].) On remand the trial court sentenced Binns to an aggregate indeterminate state prison term of 195 years to life. The sentence included a five-year enhancement under section 667, subdivision (a)(1), for a prior serious felony conviction. We affirmed the judgment. (*People v Binns* (Apr. 17, 2000, B130456) [nonpub. opn.].)

B. *2020 Resentencing Hearing*

On January 24, 2020 the Secretary of the California Department of Corrections and Rehabilitation wrote the superior court "to provide the court with authority to resentence" Binns pursuant to former section 1170, subdivision (d) (now codified as section 1172.1). The Secretary recommended that Binns's sentence be recalled and he be resentenced "[i]n light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1)."

The Secretary's recommendation was placed on calendar for consideration on July 31, 2020. The People were represented; Binns was not present and had not been appointed counsel. The superior court denied the request, explaining, "It remains in the discretion of the court whether or not to resentence, and I decline to do so. The crimes in this case were horrendous and the damage done to people as the court, not me, but the court who sentenced the defendant, noted it deserved the lengthy sentence that it received. And for that reason, I decline to order a resentence."

4

We affirmed the order. (*People v. Binns* (July 12, 2021, B309838) [nonpub. opn.].) We rejected Binns's argument that he "was deprived of his right to present additional materials in the superior court in support of the Secretary's resentencing recommendation" because, as we explained, "[n]othing in the record on appeal or in Binns's supplemental brief and attached materials indicates Binns made any such request."

C.    *Binns's 2024 Resentencing Request*

On March 18, 2024 Binns, representing himself, filed a "'Motion to Resentence' for the Superior Court of Los Angeles County to Grant Petitioner a hearing pursuant to recommendation by Secretary Ralph Diaz on January 24, 2020 (P.C. 1170.03 & 1172.1)." (Capitalization omitted.) At a hearing on April 18, 2024, appointed counsel for Binns represented to the superior court that Binns "refuses to go to the Webex. And I talked to him yesterday, he demanded he be personally ordered out to appear, but I don't believe he has standing or the right to do that at this stage of the proceedings. So we're ready to proceed without him." The court proceeded without Binns present and advised the parties that pursuant to section 1172.1, subdivision (c), the court did "not intend to respond" to the petition, and "my response is no response." The court issued a minute order stating, "The court does not respond to Petitioner's motion/petition pursuant to Penal Code section 1172.1(c)."

Binns again appealed.

5

## DISCUSSION

We appointed counsel to represent Binns in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated that "[t]his [c]ourt should determine appealability." On August 6, 2025 counsel advised Binns that he was filing a brief stating he was unable to find any arguable issues and that Binns could personally submit a letter brief stating any contentions he wanted this court to consider. Counsel also sent Binns a copy of the record on appeal. On August 6, 2025 we also advised counsel "to send the record of this appeal and a copy of appellant's brief to appellant immediately."

On November 7, 2025 we received an 18-page supplemental brief from Binns. In his supplemental brief, Binns argued that he was entitled to a resentencing hearing "according to the 2020 recommendation of the secretary, the right to be personally present at the resentencing, and the [right] to place before the court his record of rehabilitation while incarcerated." (Boldface and capitalization omitted.) Binns asserted he had a right to be present at the April 18, 2024 hearing to address the Secretary's recommendation, and the superior court's failure to address the recommendation and correct the prior errors of the court denied him due process.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The superior court's decision not to take any action on Binns's motion for resentencing under Section 1172.1 is not appealable. Section 1172.1, subdivision (c), provides, "A defendant is not entitled to file a petition seeking

6

relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."[2]  As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 with respect to subdivision (c), a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one.  It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights.  We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1."  (Accord, *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047 ["a trial court's decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect his or her substantial rights and is therefore not appealable under section 1237, subdivision (b)"].)

In the absence of an appealable order, we lack jurisdiction over the appeal.  (*Axitron, Inc. v. Veeco Instruments, Inc.* (2020) 52 Cal.App.5th 360, 384; *Canandaigua Wine Co., Inc. v. County of*

---

[2]  Binns was therefore not entitled to a resentencing hearing at which he could personally attend and present evidence.  (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 ["It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.  The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated.  But a defendant has no right to demand that the trial court actually make such a decision.  If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one"].)

*Madera* (2009) 177 Cal.App.4th 298, 302.)  We therefore dismiss Binns's appeal.  (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.).

## DISPOSITION

The appeal is dismissed.

FEUER, J.

We concur:

SEGAL, Acting P. J.

STONE, J.