[No. E007592. Fourth Dist., Div. Two. Jan. 15, 1992.]

DIANE COHEN et al., Plaintiffs and Appellants, v.
GENERAL MOTORS CORPORATION et al., Defendants and
Respondents.

COUNSEL

Joseph Gimbrone for Plaintiffs and Appellants.

Van Hulle & Prevost and Jeffrey J. Prevost for Defendants and Respondents.

OPINION

**McKINSTER, J.**—After earlier affirming the trial court's order of dismissal in an unpublished opinion, we now consider respondents' request for imposition of sanctions pursuant to Code of Civil Procedure section 907 and California Rules of Court, rule 26(a). We conclude that the maintenance of this appeal beginning January 10, 1991, was frivolous and, accordingly, impose sanctions against appellant's counsel.

### PROCEDURAL BACKGROUND

Appellants Cohen appealed from an order granting General Motors' and Dixon Cadillac's motion for dismissal brought under Code of Civil Procedure sections 583.410 and 583.420 for failure to serve them within two years. In an opinion filed May 31, 1991, this court affirmed the order, finding that the trial court had not abused its discretion in ordering the action dismissed.

This appeal was the second appeal filed by the Cohens arising from the same litigation. In the earlier appeal, we affirmed the trial court's granting a

similar motion to dismiss as to defendant Dietz Towing. That opinion was filed on January 10, 1991, case No. E007270.

On July 1, 1991, respondents Dixon Cadillac Company and General Motors Corporation filed a request for issuance of an order to show cause re: imposition of sanctions on appellant and her attorney Joseph Gimbrone for filing and maintaining a frivolous appeal. In response, we ordered the appellant Diane Cohen[1] and her attorney appear and show cause why sanctions should not be imposed. Having heard the written and oral arguments of counsel, we conclude that maintaining this appeal beginning January 10, 1991, was frivolous and impose sanctions against appellant's attorney.

## DISCUSSION

█ The imposition of sanctions is authorized by both the Code of Civil Procedure and the California Rules of Court. Code of Civil Procedure section 907 authorizes the imposition of sanctions for maintaining a frivolous appeal. It states: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." California Rules of Court, rule 26(a) provides in relevant part: "Where the appeal is frivolous or taken solely for the purpose of delay . . . , the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179], our Supreme Court recognized both a subjective and an objective standard for determining whether an appeal is frivolous. "The subjective standard looks to the motives of the appellant and his or her counsel." (*Id.*, at p. 649.) Under the subjective standard, an appeal is frivolous if it was brought in bad faith solely for the purposes of delay or harassment as opposed to the assertion of the appellant's legitimate rights. (*Id.*, at p. 650.)

"The objective standard looks at the merits of the appeal from a reasonable person's perspective." (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 649.) An appeal is frivolous if it raises issues that indisputably have no

---

[1]The notice of appeal was filed on behalf of Diane Cohen and Kimberly Cohen, but Kimberly Cohen is a minor whose guardian ad litem throughout these proceedings has been Diane Cohen. Joseph Gimbrone has stated that the appellant is Diane Cohen. We have, therefore, limited our consideration of the possible imposition of sanctions to Diane Cohen and Joseph Gimbrone.

merit, i.e., it is an appeal which any reasonable person would agree that the point is totally and completely without merit. (*Ibid.*) However, an appeal that is simply without merit is not by definition frivolous for the purpose of awarding sanctions. (*Id.*, at p. 650.)

There is no basis in the record from which we can conclude that either appellant or her counsel acted in bad faith. Moreover, although we believe that the appeal lacked merit from its inception, we do not conclude that it was frivolous for the purposes of awarding sanctions under the standards set forth in *Flaherty.* However, we do find that maintenance of this appeal became frivolous after this court filed its opinion in the related appeal, case No. E007270. In the opinion in case No. E007270, we held that the trial court had not abused its discretion in dismissing the action against another defendant. The facts leading to the dismissal of General Motors Corporation and Dixon Cadillac Company were not significantly different from the circumstances regarding the dismissal of Dietz Towing in case No. E007270. Appellant's counsel contends that in this appeal he discussed the effect of the Supreme Court's decision in April 1988, in *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188 [246 Cal.Rptr. 629, 753 P.2d 585]. However, the uncertainty regarding the retroactivity of Proposition 51 did not excuse appellants from serving the defendants. This was made abundantly clear in the opinion in case No. E007270 where we commented that "the way to get all parties before the court is to serve them—not ignore them." Appellant's counsel should also have realized by reading this earlier opinion that the standard for reviewing the trial court's order of dismissal is an abuse of discretion—an issue that he did not even address in the opening brief filed in this appeal.

Accordingly, we conclude that any reasonable attorney would agree that the appeal in this case was totally and completely without merit after this court rendered its opinion in case No. E007270 on January 10, 1991. The appeal "should thereupon have been promptly dismissed so as to not put the respondent, [their] counsel and this court to the time and expense of reviewing an appeal that, for reasons we have described, had clearly become meritless." (*Hale* v. *Laden* (1986) 178 Cal.App.3d 668, 675 [224 Cal.Rptr. 182].) As noted in *Cosenza* v. *Kramer* (1984) 152 Cal.App.3d 1100, 1103 [200 Cal.Rptr. 18], as a professional, counsel has a professional responsibility not to pursue an appeal that is frivolous.

The court finds that the reasonable amount of fees for the services of respondent's counsel on this appeal since January 10, 1991, is $2,070. We impose a sanction in that amount to compensate General Motors Corporation, which is the respondent that has undertaken the costs of defending this action.

In addition, we believe it is appropriate to assess sanctions payable to the clerk of this court for the cost to the taxpayers of this state for processing this frivolous appeal. (*Summers* v. *City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1080 [275 Cal.Rptr. 594]; *Finnie* v. *Town of Tiburon* (1988) 199 Cal.App.3d 1, 17 [244 Cal.Rptr. 581].) For the purpose of calculating the cost for processing the average civil appeal, we adopt the formula employed by the court in *Young* v. *Rosenthal* (1989) 212 Cal.App.3d 96, 136, fn. 40 [260 Cal.Rptr. 369]. Using the latest cost figures, we have determined that the cost of a average civil appeal is $5,908.26. However, because we have determined that this appeal was not frivolous at the time of filing but its maintenance became frivolous beginning January 10, 1991, we will assess our costs for processing the appeal from this later date. By this date, the record had been filed and the matter had been fully briefed. However, it had not yet been calendared for oral argument nor had it been reviewed by any judicial attorneys or justices. Thus, this court expended the majority of its time and effort in processing this appeal after January 10, 1991, and we estimate that 75 percent of our cost for processing this appeal was incurred after this date. Accordingly, we impose sanctions in the amount of $4,431.20, representing 75 percent of the average cost of processing an average civil appeal.

Appellant's counsel has stated that the decision to file and maintain this appeal was his alone. Given our understanding of appellant's condition and the lack of any evidence that appellant was personally involved in the decision to continue this appeal, we believe the burden of paying the sanctions most properly belongs exclusively to appellant's counsel. (*Summer* v. *City of Cathedral City, supra,* 225 Cal.App.3d at p. 1080.)

Therefore, Joseph Gimbrone shall pay to General Motors Corporation the sum of $2,070 within 30 days of issuance of the remittitur. In addition, he shall pay to the clerk of this court the sum of $4,431.20, within 30 days of issuance of the remittitur.

Ramirez, P. J., and Timlin, J., concurred.