[No. F030195. Fifth Dist. Sept. 24, 1999.]

KEN DORAN, Plaintiff and Respondent, v.
SHAEN WELLESLEY MAGAN, Defendant and Appellant.

## COUNSEL

Richard L. Wyrick for Defendant and Appellant.

Law Office of William A. Romaine and William A. Romaine for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—Shaen Wellesley Magan (Magan) purports to appeal from an order denying his motion to enforce a settlement pursuant to Code of Civil Procedure section 664.6.[1] We will dismiss the appeal because the order is not appealable. We will also deny Magan's request that we treat his appeal as a petition for writ of mandate.

### FACTS AND PROCEDURAL HISTORY

On April 19, 1991, Creditors Bureau of California (Creditors Bureau), as assignee of Britz, Inc., filed an action against Magan seeking to recover on an unpaid debt. On June 18, 1991, Creditors Bureau and Magan stipulated in writing to settle the claim for the sum of $129,699.16, to be paid in installments of $1,000 per month until paid in full. The agreement provided that if Magan did not meet the payment terms specified, Creditors Bureau would have judgment against Magan for the full amount prayed for in the complaint, with interest and costs.

In January 1993, Magan contacted Creditors Bureau and offered to settle the action by paying $20,000. Creditors Bureau agreed, but the funds were to

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise noted.

be paid within 10 days. Magan borrowed the amount from friends and delivered a cashier's check in the amount of $20,000 to Creditors Bureau. A receipt was issued in favor of Magan.

On February 1, 1993, Creditors Bureau assigned its entire right of action against Magan to Ken Doran (Doran) for payment of $20,000. The assignment was filed in superior court on February 12, 1993. At the time of the assignment, Magan was in default under the terms of the stipulated settlement.

Magan claimed the assignment was made at his request after he settled and compromised the original claim against him for payment of the sum of $20,000. He believed the $20,000 payment he made on January 29, 1993, was a full and final compromise of all claims against him pursuant to the stipulated settlement. He asserted the assignment to Doran was made at Magan's request, expressly and exclusively for the purpose of concealing the settlement from his other creditors.

In March 1997, Doran filed a declaration for entry of judgment pursuant to stipulation, claiming Magan was in default under that stipulation. Based upon the declaration, the court entered judgment in favor of Doran and against Magan.

When Magan's bank account was levied pursuant to the judgment, he moved the court to vacate and set aside the judgment on the basis of extrinsic fraud and lack of notice. The court granted the motion and vacated the judgment on May 30, 1997.

On July 8, 1997, the court heard and denied Magan's motion to dismiss the action under the five-year dismissal statute set forth in section 583.360. Within its ruling, the court stated, inter alia, "The court notes that a more appropriate procedure for determining such issues as whether or not the Plaintiff's rights in this action and under the settlement agreement were genuinely assigned to Ken Doran, and whether the assignment actually conveyed to Doran an enforceable right to enter judgment under the stipulation, would be a Motion under *CCP* § 664.6."

On July 22, 1997, the court heard and denied Doran's renewed motion for entry of judgment pursuant to the terms of the stipulated settlement. In its ruling, the court stated, "The court finds that the obligation of Defendant under the settlement agreement was extinguished by accord and satisfaction prior to the purported assignment, thus no rights existed thereunder which could be assigned, and therefore Mr. Doran is not entitled to enforce the

settlement agreement under *CCP* § 664.6. Of course, Mr. Doran may pursue other remedies seeking damages for Defendant's alleged wrongdoing, such as a cause of action for fraud."

On July 29, 1997, Magan brought a motion for entry of judgment of satisfaction pursuant to terms of stipulated settlement, based exclusively on section 664.6, claiming the parties entered into a written stipulation settling the case which was modified by an oral agreement. Doran filed an opposition to the motion, claiming no written agreement to settle the case on the terms propounded by Magan existed.

The motion was heard and denied August 14, 1997.

Magan filed notice of appeal on February 5, 1998.

## DISCUSSION

1. *The order appealed from is not appealable.*

Doran contends the order from which Magan appeals is not final within the contemplation of section 904.1 and is therefore not appealable. The order was a denial of Magan's motion for entry of judgment pursuant to the terms of section 664.6. Section 664.6 provides for entry of judgment pursuant to the terms of a settlement in a pending case. According to Doran, the effect of the order denying the motion was to leave the issues as to the respective rights of the parties unsettled.

Magan addresses the issue for the first time in his reply brief, contending he is appealing from an appealable order. According to Magan, *Viejo Bancorp, Inc.* v. *Wood* (1989) 217 Cal.App.3d 200 [265 Cal.Rptr. 620] determined that an order entered pursuant to section 664.6 was an appealable order.

The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. Thus, this court is obligated to review the question of appealability. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720]; *Jennings* v. *Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074].)

California is governed by the "one final judgment" rule which provides "interlocutory or interim orders are not appealable, but are only 'reviewable

on appeal' from the final judgment." (*Rao* v. *Campo* (1991) 233 Cal.App.3d 1557, 1565 [285 Cal.Rptr. 691].) The rule was designed to prevent piecemeal dispositions and costly multiple appeals which burden the court and impede the judicial process. (*Morehart* v. *County of Santa Barbara* (1994) 7 Cal.4th 725, 741, fn. 9 [29 Cal.Rptr.2d 804, 872 P.2d 143].) In keeping with this rule, section 904.1 generally authorizes appeals from superior court judgments, except those which are interlocutory. (§ 904.1, subd. (a)(1).) Further, when an appeal is taken pursuant to section 904.1, the reviewing court may review "any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party." (§ 906.)

It is the substance and effect of the adjudication, and not the form, which determine if the order is interlocutory and nonappealable, or final and appealable. (*Belio* v. *Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101 [39 Cal.Rptr.2d 737].) If no issues in the action remain for further consideration, the decree is final and appealable. But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory. (*Ibid.*) The decree will not be appealable "unless it comes within the statutory classes of appealable interlocutory judgments." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 94, p. 156; see also *Eldridge* v. *Burns* (1978) 76 Cal.App.3d 396, 403 [142 Cal.Rptr. 845].)

The first inquiry is whether the order denying Magan's motion for entry of judgment and satisfaction pursuant to terms of a stipulated settlement is interlocutory or final. In *Viejo Bancorp, Inc.*, relied upon by Magan, the appeal was from a judgment enforcing a written settlement agreement pursuant to section 664.6. As a preliminary question, the court addressed the issue of appealability and found the court intended to effect a final judgment in the action. "Since the intended substance and effect of the judgment is to finally dispose of the . . . action, the judgment is appealable under Code of Civil Procedure section 904.1, subdivision (a)." (*Viejo Bancorp, Inc.* v. *Wood, supra,* 217 Cal.App.3d at p. 205.)

Here, however, we do not have a final judgment, but rather *denial* of a motion for judgment. The denial of the motion, rather than finally disposing of the action, expressly leaves it open.

No case or statute specifically addresses whether a denial of a motion pursuant to section 664.6 is an appealable order. However, it is perhaps most akin to a motion for summary judgment, another motion by which a settlement agreement may be enforced. An order granting a motion for summary

judgment is a nonappealable preliminary order, whereas a judgment entered thereunder is a final judgment, and therefore appealable. (§ 437c, subd. (*l*); *Kelly* v. *Liddicoat* (1939) 31 Cal.App.2d 75, 77 [87 P.2d 398].) On the other hand, the order denying a motion for summary judgment is nonappealable, and is ordinarily reviewable only on appeal from the final judgment. (*Nevada Constructors* v. *Mariposa etc. Dist.* (1952) 114 Cal.App.2d 816, 818 [251 P.2d 53].)

We conclude that the order denying Magan's motion for judgment under section 664.6 is nonappealable. The appeal must be dismissed.

2. *Magan has not shown extraordinary circumstances to justify treating his purported appeal as a petition for writ of mandate.*

In his reply brief Magan suggests, in two sentences, that we may treat his purported appeal as a petition for writ of mandate.

An appellate court does have discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but " 'we should not exercise that power except in unusual circumstances.' [Citation.]" (*Wells Properties* v. *Popkin* (1992) 9 Cal.App.4th 1053, 1055 [11 Cal.Rptr.2d 845].) "A petition to treat a nonappealable order as a writ should only be granted under [the most] extraordinary circumstances, ' "compelling enough to indicate the propriety of a petition for writ . . . in the first instance. . . ." ' [Citation.]' " (*Estate of Weber* (1991) 229 Cal.App.3d 22, 25 [280 Cal.Rptr. 22], quoting *DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 437 [160 Cal.Rptr. 899].)

Generally, a writ must be issued in all cases "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (§ 1086.) Magan has not shown any unusual or compelling circumstances here, nor is he without adequate remedy. The essential issue raised by his contentions is that the written settlement agreement was modified by a later oral agreement under which the cash payment of $20,000 entitled him to a dismissal. That issue is contested and can only be resolved through appropriate pleadings and a motion for summary judgment or a trial.

We deny the request to treat the purported appeal as a petition for writ of mandate.

### 3. *The purported appeal is not frivolous.*

 Doran contends this appeal is frivolous and requests, pursuant to section 907, an award of monetary sanctions. (See also Cal. Rules of Court, rule 26.[2]) According to Doran, "In a case such as the present one, it is difficult to appreciate how any reasonable attorney could have believed that the order denying the motion for satisfaction of judgment would be appealable."

 "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (§ 907.) Rule 26(a)(2) similarly provides "[i]f the appeal is frivolous or taken solely for the purpose of delay . . . the reviewing court may impose upon offending attorneys or parties such penalties . . . as the circumstances of the case and the discouragement of like conduct in the future may require."

Courts have struggled to apply section 907. On the one hand, the statute should be used to compensate for a party's egregious behavior and to deter abuse of the court system and the appellate process. On the other hand, sanctions should not be awarded simply because an appeal is without merit. Indiscriminate application of section 907 could deter attorneys from vigorously representing their clients and deter parties from pursuing legitimate appeals. (*In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 753 [36 Cal.Rptr.2d 682].)

The Supreme Court's opinion in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650 [183 Cal.Rptr. 508, 646 P.2d 179], guides and controls a reviewing court's request for sanctions. There the court identified twin standards for determining the frivolousness of an appeal—subjective and objective. The subjective looks to the motives of the appellant and his or her counsel. The objective standard looks at the merits of the appeal from a reasonable person's perspective. The question is not whether the attorney acted in the honest belief he or she had grounds for appeal. Rather, the question is whether any reasonable person would agree the point is totally and completely devoid of merit and, therefore, frivolous.

The two standards under *Flaherty* are often used together, with one providing evidence of the other. Thus, the total lack of merit of an

---

[2]All further rule references are to the California Rules of Court unless otherwise specified.

appeal is viewed as evidence that the appellant must have intended it only for delay. Most importantly, an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree the appeal is totally and completely without merit. (*In re Marriage of Flaherty, supra,* 31 Cal.3d at pp. 649-650.)

Nevertheless, any definition of a frivolous appeal must be read to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely they will win on appeal. An appeal that is simply without merit is not by definition frivolous and should not incur sanctions. (*Cohen* v. *General Motors Corp.* (1992) 2 Cal.App.4th 893, 895-896 [3 Cal.Rptr.2d 619]; *Young* v. *Rosenthal* (1989) 212 Cal.App.3d 96, 131-134 [260 Cal.Rptr. 369].) An appeal, though unsuccessful, should not be penalized as frivolous if it presents a unique issue which is not indisputably without merit, or involves facts which are not amenable to easy analysis in terms of existing law, or makes a reasoned argument for the extension, modification, or reversal of existing law. (*Summers* v. *City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1074-1075 [275 Cal.Rptr. 594].)

The Supreme Court relies on the good judgment of appellate courts to strike the proper balance and has emphasized that, in light of the competing interests, the punishment should be used most sparingly to deter only the most egregious conduct. (*Coleman* v. *Gulf Ins. Group* (1986) 41 Cal.3d 782, 790-791 [226 Cal.Rptr. 90, 718 P.2d 77, 62 A.L.R.4th 1083].) Although section 907 does not contain a definition of frivolous, section 128.5, section 907's alter ego, does, and states in pertinent part: "(b) For purposes of this section: [¶] . . . [¶] (2) 'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party."

While we have concluded that Magan's purported appeal is from a nonappealable order, we do not find it was frivolous justifying an award of sanctions. No statute, rule, or published case directly considers the question of whether an order denying a section 664.6 motion is appealable. Magan should have addressed the issue by including in his opening brief the statement of appealability required by rule 13. We see no evidence, however, that his failure to do so arose from an improper motive. We are satisfied that Magan's counsel acted in a good faith, though erroneous, belief that the order is appealable. Further, given the very unusual factual and procedural background of this case, we cannot say that no reasonable attorney could so believe. Accordingly, we deny Doran's request for sanctions.

## DISPOSITION

The purported appeal from the order denying motion for entry of judgment pursuant to section 664.6 is dismissed. Costs to respondent.

Ardaiz, P. J., and Levy, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 15, 1999.