Filed 10/4/21  Pacifica Modesto v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PACIFICA MODESTO LLC et al., | |
| Petitioners, | F082869 |
| v. | (Super. Ct. No. 2022881) |
| THE SUPERIOR COURT OF STANISLAUS COUNTY, | **OPINION** |
| Respondent; | |
| SUNCREST VILLAS MODESTO MAINTENANCE ASSOCIATION, | |
| Real Party in Interest. | |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Sonny S. Sandhu, Judge.

Lee Landrum Marking Ingle, Lee, Landrum & Ingle, David S. Lee, Heather N. Ingle-Gernhardt, and Brian P. McGinley for Petitioners.

No appearance for Respondent.

Williams & Gumbiner, Scott Williams and Beth C. Tenney for Real Party in Interest.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Real party in interest, Suncrest Villas Modesto Maintenance Association (Suncrest), brought an action against Pacifica Modesto LLC, PAC Modesto Inc., Pacifica Companies LLC, ASD Enterprises, Inc., Pacifica Companies, and individuals associated with the entities, including Deepak Israni, Rajib Sengupta, Neil Chaudhuri, Tracy Dalton and Shauna Carson (collectively, petitioners) as well as petitioners' counsel Ira Gary Wasserman, Deborah Kornheiser and Wasserman Kornheiser (attorney defendants), alleging claims of negligence in the creation of a condominium development and claims of misrepresentation and fraudulent conspiracy in causing Suncrest to release its claims against petitioners. By the time Suncrest filed its second amended complaint against petitioners in September 2018, it had procured and attached exhibits supporting its claims that petitioners, with the assistance of attorney defendants, perpetuated similar fraudulent schemes against at least three other condominium maintenance associations in California.

Despite propounding discovery on petitioners on December 1, 2017, they did not provide responses for over three years, forcing Suncrest to file a motion to compel in January 2021. The superior court granted the motion to compel on April 8, 2021, ordered petitioners to provide compliant responses, without objection, on or before May 7, 2021, and sanctioned petitioners and their present counsel a total of $13,680 for their conduct. On June 7, 2021, one month *after* the discovery responses were due, petitioners filed a petition for writ of mandate with this court challenging the superior court's discovery order and requesting production of discovery be stayed. By way of its own motion, this court questioned whether petitioners should be sanctioned for filing a frivolous petition or filing a petition solely to cause delay and provided the opportunity for briefing. Reviewing the record, including petitioners' responsive briefing and oral argument presented on September 28, 2021, we summarily deny the petition for writ of mandate and find sanctions are warranted.

2

**Allegations Set Forth in Suncrest's Third Amended Complaint**

In the mid-2000's, petitioners purchased a 48-unit apartment development in Modesto, obtained approval to subdivide the apartments, converted the apartments into individual condominium units, and began marketing the units to the public. Petitioners were required by law to create a homeowner association to govern the development and formed Suncrest on September 11, 2006. Three individuals associated with petitioners were appointed to the initial board of directors of Suncrest, and they, in turn, hired the attorney defendants to represent Suncrest.

Suncrest alleges petitioners and attorney defendants entered into the following fraudulent scheme: petitioners appointed their own individuals to be representatives to the board of directors of Suncrest, who in turn hired attorney defendants to represent Suncrest. The developer board members also allowed an unsuspecting homeowner inexperienced in construction disputes to be appointed to the board of Suncrest to present the appearance of legitimacy while maintaining control of the majority of the board. Suncrest alleges the developer board members, along with attorney defendants, fabricated a sham construction dispute for the purpose of entering into a settlement with petitioners, and to cause it to waive is right to assert claims relating to latent construction defects arising from the development in the future.

The Suncrest board members associated with petitioners persuaded the unsuspecting homeowner board member to execute the settlement agreement waiving Suncrest's future claims against petitioners in exchange for $36,000. The developer board members then resigned from the board within months of the settlement agreement being executed. Suncrest hired its current attorneys in 2016 and filed the instant construction defect action against petitioners. Only after the action was filed was

3

Suncrest made aware of the earlier settlement agreement in which it had waived future claims against petitioners.

To provide context and support for the allegations petitioners were engaged in a fraudulent scheme, Suncrest procured and attached to its complaint detailed records indicating petitioners, with the assistance of attorney defendants, engaged in the same or similar fraudulent scheme. Specifically, the records indicated petitioners entered into at least three other settlement agreements in 2009 with newly formed condominium maintenance associations throughout California while they controlled the majority of the boards of those associations.

**Facts Relating to Relevant Discovery**

Suncrest filed its original complaint on December 8, 2016, alleging claims related to construction defects with the development. On December 1, 2017, Suncrest propounded special interrogatories and requests for production of documents on petitioners and attorney defendants to identify and produce settlement agreements that petitioners, with the assistance of attorney defendants, entered into with other homeowner associations and the names of those other homeowner associations.

For the sake of efficiency, Suncrest and petitioners agreed to wait to dispute petitioners' failure to respond to discovery while the same discovery issues were being disputed between Suncrest and attorney defendants. The parties believed the court's resolution in that matter would resolve the dispute between Suncrest and petitioners as well.

The superior court issued its ruling on the discovery disputes between Suncrest and attorney defendants on July 24, 2019. It provided the following explanation why the requested discovery was relevant and should be produced:

> "The evidence sought is circumstantial evidence of other similar settlement release agreements that may show a *modus operandi* allegedly employed by the developer defendants and the attorney defendants. The

4

circumstantial evidence to support Plaintiff's allegations includes the settlement and release agreement in this case to show aspects of a *modus operandi* when compared to the other three agreements that have been uncovered so far. The discovery sought by the Plaintiff may lead to additional admissible evidence of other instances where the defendant developers had members on HOA boards who were in a position to manipulate settlement release agreements under circumstances similar to those alleged in this case.

"Circumstantial evidence is good evidence; and it is almost invariably the only evidence available to show fraudulent intent.…

"Contrary to the defendants' claim that Plaintiff has admitted there is no evidence here (by arguing that only direct evidence will suffice) the Discovery Referee and Judge Beauchesne have both concluded that there is sufficient evidence both pleaded and produced to support an inquiry into this matter through discovery."

The superior court also noted the discovery was not protected by the attorney-client privilege, as such settlement documents were necessarily disclosed to adverse parties, i.e., the other homeowner associations and, additionally, the fraud exception to the attorney-client privilege under Evidence Code section 956 may also apply. As attorney defendants' arguments and attempts to further delay disclosure of the discovery were "specious," "offensive," and " 'absurd,' " the court granted the motion to compel, denied the motion for a protective order, and sanctioned attorney defendants and their counsel in the total amount of $16,530.

In light of the superior court's ruling in its favor, on August 13, 2019, Suncrest requested petitioners likewise provide the requested discovery. Petitioners provided discovery responses on November 8, 2019. While Suncrest found the responses inadequate, the issue was further delayed as attorney defendants had sought writ review of the discovery ruling with this court on September 27, 2019. (See *Wasserman et al. v. Superior Court* (F080038, Feb. 13, 2020) [nonpub. order].) We temporarily granted a stay of the lower court proceedings to allow for informal briefing. On February 13, 2020, we denied the petition in a summary order and vacated our temporary stay. Accordingly,

5

from October 15, 2019, until February 12, 2020, the superior court action was stayed and Suncrest could not take action with regard to petitioners' responses.

On April 30, 2020, Suncrest again demanded petitioners provide amended responses but petitioners refused. This was despite the fact attorney defendants, as ordered, provided copies of multiple settlement agreements with nonparty homeowner associations in September 2020. Due to petitioners' noncompliance with Suncrest's discovery demands, Suncrest filed a motion to compel further responses and for discovery sanctions on January 28, 2021. Contemporaneous to Suncrest's motion to compel, all eight petitioners filed nearly identical, but separate, motions to compel further discovery responses from Suncrest.

The discovery referee, Justice James Lambden (retired), issued a report and recommendation on March 8, 2021, which was adopted by the superior court on April 8, 2021. The order explained why petitioners' failure to provide relevant discovery was inexcusable, and their conduct warranted sanctions:

> "In their opposition to the motion, the Defendants provide no explanation for their failure to provide such information. Plaintiff points out that the Defendants were required to identify other associations because the former attorney defendants identified those associations in connection with these same Defendants. For example, three of the HOAs Defendants should have identified in response to Special Interrogatory number one are the Parkview Villas Condominium Association ('Parkview'), AltaMar Maintenance Association ('AltaMar'), and Sierra Crest Maintenance Association ('Sierra Crest'), each of which were identified in the third amended complaint as homeowner associations created and defrauded by the defendants.… The Defendants were required to identify those associations as well as any other associations in their responses to Interrogatory Number 2, and Interrogatories 4 through 6, and Interrogatories 8 through 10. Defendants were also required to identify Parkview (as well as any other associations) because it is undisputed that Parkview filed a lawsuit against the 'Developers' as defined in Plaintiff's interrogatories and requests for production. The combination of the undisputed allegations of the Third Amended Complaint that there were *filed* lawsuits, together with the documents produced by the former attorney

6

defendants, show that these individual Defendants could not have provided accurate responses by disclosing *nothing at all*.

[¶] … [¶]

"Most of the meet-and-confer discussions occurred after the attorney defendants produced settlement agreements disclosing additional non-party associations in September 2020. By that time, it was already obvious that documents and answers would be required without interposing the objections previously posed. Nevertheless, a year after the decision of the Court of Appeal denying the writ petition, when the Court's July 24, 2019 order became final, the parties were forced to return to the Discovery Referee to resolve the same issues. Under such circumstances sanctions are mandatory."

The superior court granted Suncrest's motion to compel, denied petitioners' motions to compel, required petitioners to provide compliant responses to the discovery without objection on or before May 7, 2021, and sanctioned petitioners and petitioners' counsel $13,680 for their conduct.

Two days before the discovery responses were due, on May 5, 2021, petitioners filed a motion to stay discovery before the superior court but were unable to procure a hearing date until June 9, 2021.[1] Two days before the hearing in the superior court, petitioners filed this instant petition for writ of mandate and requested an immediate stay of the superior court proceedings.

On June 15, 2021, Suncrest filed an initial opposition to the petition and on June 28, 2021, we issued an order denying petitioners' request for a stay. Further, we notified petitioners this court, upon its own motion, was considering imposing sanctions under California Rules of Court, rule 8.492,[2] including the award of costs under rule 8.493, for filing a frivolous petition or filing a petition solely to cause delay, and

---

[1] Petitioners did not provide a copy of the motion to stay filed with the superior court. We are therefore unaware of the basis petitioners alleged for staying discovery.

[2] All further references to the rules shall refer to the California Rules of Court.

7

provided an opportunity for briefing. We specifically ordered petitioners to explain why they did not seek relief from the April 8, 2021 discovery order earlier, and to provide any statutory or legal support why the discovery could legitimately be withheld.

Petitioners provided a responsive brief on July 16, 2021, and Suncrest filed an informal reply on August 9, 2021.[3] Oral argument on the motion for sanctions was held on September 28, 2021. (See Cal. Rules of Court, rule 8.492(d).) Accordingly, the matter stands ready for adjudication.

## DISCUSSION

### Petitioners' Petition for Writ of Mandate

As set forth in the disposition, we hold the petition for writ of mandate is subject to summary denial. "It is settled law that an appellate court's action denying without opinion a petition for a writ of mandate or prohibition is not the determination of a 'cause' requiring oral argument and a written opinion.… Only when the appellate court issues an alternative writ or order to show cause does the matter become a 'cause' which is placed on the court's calendar for argument and which must be decided 'in writing with reasons stated.' " (*People v. Medina* (1972) 6 Cal.3d 484, 490.)

### Sanctions Under California Rules of Court, Rule 8.492

Under rule 8.492, a Court of Appeal, on its own motion "may impose sanctions, including the award or denial of costs under rule 8.493, on a party or an attorney for: [¶] (1) Filing a frivolous petition or filing a petition solely to cause delay; or (2) Committing any other unreasonable violation of these rules." This Court's authority to issue sanctions also derives from the Code of Civil Procedure. "Sanctions may be imposed against parties or counsel under Code of Civil Procedure section 907 '[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay .…' " (*Jones v.*

---

[3] According to petitioners' response, the superior court denied the motion to stay at the hearing on June 9, 2021.

8

*Superior Court* (1994) 26 Cal.App.4th 92, 96.) "Notwithstanding the reference to 'appeal,' the penalties under section 907 apply with equal force to petitions for writ of mandate." (*Ibid.*)

The standards for determining whether an appeal or writ is frivolous are identical—i.e., whether the filing is frivolous or filed solely to cause delay. A detailed description of the standard is contained in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 (*Flaherty*), and applies with equal force here even though *Flaherty* involved an appeal. "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment— or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.* at p. 650.) This "definition must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.*) Sanctions "should be used most sparingly to deter only the most egregious conduct." (*Id.* at p. 651.)

"The two standards under *Flaherty* are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that the appellant must have intended it only for delay." (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1295–1296.) The Supreme Court relies on the good judgment of appellate courts to strike the proper balance and has emphasized that, in light of the competing interests, the punishment should be used most sparingly to deter only the most egregious conduct. (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 790–791.)

**Delay**

The imposition of sanctions in this case is based on this petition being frivolous and filed solely to cause delay, but the context in which this petition was filed is relevant

9

to the determination. Suncrest propounded the relevant discovery in December 2017, and after years of intense disputes, obtained a ruling compelling the discovery from petitioners on April 8, 2021, over three years later. The discovery issues had been extensively litigated by both petitioners and the attorney defendants, both of whom were sanctioned for their conduct of failing to faithfully participate in discovery efforts. Moreover, petitioners were made aware they were likely to be required to provide the relevant discovery when the referee issued his recommendation on March 8, 2021, two months before the discovery was due. However, petitioners waited until after a month after the discovery order issued, and only two days before the discovery was due, to file a motion to stay discovery with the superior court. As petitioners did not request the motion to stay be heard on a shortened briefing schedule, it was evident a stay would not be procured until after petitioners were in violation of the discovery order for over a month. Petitioners then alleged the delay in filing this instant petition was to provide time for the superior court to first rule on the motion to stay, even though petitioners filed this petition before the superior court had the opportunity to do so.

Petitioners attempt to explain why they did not seek relief earlier. First, they contend they asked to set the hearing on the motion to stay before the superior court on an earlier date but were informed that the department before which the case was to be heard was on vacation from May 24, 2021, through June 4, 2021. Additionally, one attorney representing Suncrest had scheduled a vacation from May 3, 2021, through May 14, 2021. Due to the complexity of the matter, petitioners came to the conclusion filing a stay motion with a standard briefing schedule was procedurally appropriate and provided Suncrest notice they were "not simply refusing to comply with the Order, but rather actively undertaking those procedural steps needed to validly challenge the operation of said Order." With regard to the petition for writ of mandate filed with this court, petitioners explained it could not be filed earlier due to the complex subject matter

10

and extensive records. Further, they relied upon and timely filed the petition within the 60-day deadline generally imposed for filing a writ petition.

Petitioners' contentions are not credible. First, it is obvious to any reasonable attorney that if petitioners were ordered to produce discovery on or before May 7, 2021, relief from the order would need to be obtained prior to May 7, 2021; otherwise, petitioners would find themselves in contempt of the superior court's discovery order, such as they are now.[4] Likewise, it is obvious filing a motion to stay in the superior court two days before the discovery was due would not provide sufficient time to obtain relief, especially when petitioners did not request to shorten briefing time. Furthermore, petitioners had advance notice for over a month based on the discovery referee's recommendation of the adverse ruling and could have placed themselves in a position to quickly challenge the ruling. At the time this petition and request for stay was filed, the May 7, 2021 discovery order had been enforceable for over a month. Again, it is obvious to any reasonable attorney courts look at requests for stays with disfavor when filed long after the order in question has been in effect.

Petitioners' attempt to blame the delay on the unavailability of a given department at the superior court or the vacation of one member of the opposing counsel is baseless. Courts are open to any and all filings and hearings, but for judicial holidays (Code Civ. Proc., § 135), and another judge and opposing counsel's law partners can appear if a given person is unavailable. If relief is needed urgently, litigants may apply ex parte to shorten time for briefing of a noticed motion. But the rules governing ex parte applications in civil cases require that "[a]n applicant … make an affirmative factual showing … of irreparable harm, immediate danger, or any other statutory basis for

---

**4**     Suncrest informed this court as of filing its informal reply, petitioners have yet to comply with the discovery order. Likewise, petitioners have presented no argument to rebut the enforceability of the May 7, 2021 discovery order since its inception.

11

granting relief ex parte." (Rule 3.1202(c); see *Webb v. Webb* (2017) 12 Cal.App.5th 876, 879.) "A trial court should deny an ex parte application absent the requisite showing." (*People ex rel. Allstate Ins. Co. v. Suh* (2019) 37 Cal.App.5th 253, 257.) "Mere lack of time for statutory notice is *not* a sufficient showing." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2021) ¶ 9:364, p. 9(I)-170.) Based on petitioners' delay in seeking relief, it is highly unlikely an ex parte application to shorten time would have been granted, had one been requested.

Moreover, it can be inferred petitioners' primary motivation in filing the motion to stay in the superior court and the petition with this court was to create further delay and obtaining relief on shortened notice would defeat that purpose. After failing to provide relevant discovery for years, petitioners filed the motion to stay two days before the discovery was due to attempt to create an excuse for not complying with the discovery order for as long as possible. Then, to compound this behavior, petitioners filed this petition days before the hearing before the superior court, to continue to attempt to provide an explanation or legitimacy for its actions. Even after the superior court and this court denied petitioners' request for stays, Suncrest informed this court that, as of the date of its informal reply on August 9, 2021, petitioners have still not complied with the discovery order despite it being in effect for over three months. The totality of petitioners' actions provide substantial support for finding this petition was filed solely to cause delay from the effect of an adverse ruling. (*Flaherty*, *supra*, 31 Cal.3d at p. 650.)

**Merits of Petitioners' Contentions**

Petitioners' contentions why the motion to compel discovery was improper is based on the collective treatment of the defendants. They allege it "results in untenable assumptions about what information and documents each individual should reasonably have or be able to access." The crux of their argument is the superior court issued a single discovery order which "collectively rules on nine different discovery motions and

12

collectively imposes sanctions on individual petitioners without giving individual consideration to each of the Petitioners," and "all of this collectivism comes at the expense of the individual rights of each Petitioner," causing them "irreparable harm." In support of this argument, petitioners cite to several cases that generally refer to due process and fundamental fairness, but do not in any way provide authority for not providing discovery based on concerns of collectivism.

In ruling on the discovery motion, the superior court addressed petitioners' arguments based on collectivism, and determined they were unfounded. It explained:

> "The opposition also complains (again without apparent irony) that Plaintiff should not be permitted to make a single motion to compel responses from the individual defendants. The reason given is that the Defendants vary 'tremendously' in their participation, 'if any.' However, the opposition does not identify the tremendous variance of the individual Defendants' situations. Indeed, the accompanying duplicative defense motions to compel responses from the Plaintiff reveal no variation among the individual defendants with reference to the requests posed by the Plaintiff. The Defendants' motions are identical. No attempt was made either in the inadequate Defendants' responses to Plaintiff's discovery requests, or in the Defendants' 8 identical motions, to describe pertinent differences between the Defendants' circumstances in this context.

> "Accordingly, the insistence upon an individualized approach as to the multiple individual defendants was needlessly complicated and dilatory in the context of the efforts to meet and confer. From the outset of the meet and confer process, the attorneys for both sides referred to the Defendants in the aggregate. During most of the meet and confer process, the Defendants were referred to and discussed in the aggregate by their own attorneys. It was only near the end of the process that defense counsel pivoted to complain that Plaintiff's 'concerns' about the responses were not detailed as to each individual defendant. This shift in the discussion was doubly disingenuous since the actual objections posed by the individual defendants were essentially the same objections previously rejected by the Referee, the Court, and the Court of Appeal."

In our June 28, 2021 order, we directed petitioners to "provide any statutory or legal support for its theory that relevant, nonprivileged discovery can be legitimately

13

withheld based on allegations of 'collectivism.' " Petitioners provided citation to three cases in their response in support of their argument the discovery order was improperly granted. First, petitioners cite to *Simke, Chodos, Silberfeld & Anteau, Inc. v. Athans* (2011) 195 Cal.App.4th 1275, for the proposition that " '[T]he purpose of due process is to ensure "fundamental fairness." ' " (*Id*. at p. 1292.) However, there the court was discussing fundamental fairness in the context of requiring a default judgment be limited to the specific amount of damages alleged in the complaint. (*Id*. at pp. 1292–1293.) Next, *State Sav. & Commercial Bank v. Anderson*, (1913) 165 Cal. 437, discussed due process in the context of the superintendent of banks seizing property from a bank found to be operating in an unsafe and unsound condition. Finally, in the last cited case, the discussion of due process involved the question of what constitutes procedural due process in the levy and collection of taxes. (*People v. Sonleitner* (1960) 185 Cal.App.2d 350, 355.)

None of these cases address the circumstances present here, nor cause any reason to question California discovery rules, which strongly weigh in favor of disclosure of relevant evidence. "Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc., § 2017.010.) "Except as otherwise provided by statute, all relevant evidence is admissible." (Evid. Code, § 351.) Petitioners present no argument the relevant evidence is privileged or otherwise inadmissible. To the extent petitioners' refusal to comply is based on the fact some of the petitioners possess the requested evidence and some do not, that in no way absolves those petitioners who do possess the discovery from their continued nondisclosure.

14

Petitioners' contentions are wholly without merit. Combined with the significant delay in providing discovery leading to this petition, we hereby hold the petition to be frivolous as it is prosecuted for an improper motive and any reasonable attorney would agree that the appeal is totally and completely without merit. (*Flaherty*, *supra*, 31 Cal.3d at p. 650.) The amount of $6,965 in sanctions is warranted under rule 8.492 and shall be awarded based on the amount of attorneys' fees Suncrest incurred in defending against this writ petition. This court's opinion constitutes the required written statement of the court's reason for imposing sanctions. (*Westphal v. Wal-Mart Stores, Inc.* (1998) 68 Cal.App.4th 1071, 1083.)

## DISPOSITION

The "Petition for Writ of Mandate, Prohibition and/or Other Appropriate Relief," filed on June 7, 2021, is denied.

The motion for sanctions for filing a frivolous petition or filing a petition solely to cause delay under rule 8.492 is granted. As sanctions for bringing this frivolous petition, petitioners and petitioners' counsel are jointly and severally liable to pay $6,965 to real party in interest's counsel. All sanctions shall be paid no later than 30 days after the date of issuance of this opinion.

Attorneys David S. Lee and Brian P. McGinley and the Clerk/Executive Officer of this court are each ordered to forward a copy of this opinion to the State Bar of California. (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (o)(3).)

In the interests of justice, real party in interest is awarded costs. (Rule 8.493.)