Filed 1/5/24  House v. Skanska USA Civil West California District CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ROSA HOUSE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SKANSKA USA CIVIL WEST<br>CALIFORNIA DISTRICT, INC. et al.,<br><br>        Defendants and Respondents. | E079363<br><br>(Super.Ct.No. CIVDS1204063)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Appeal dismissed.

Rosa House, in pro. per., for Plaintiff and Appellant.

Martenson, Hasbrouck & Simon, David L. Lewis and Houston A. Hatfield for Defendants and Respondents.

1

Rosa House appeals from an order granting defendants' motion to enforce and to modify a settlement agreement under Code of Civil Procedure section 664.6 (unlabeled statutory references are to this code). We conclude that the order is not appealable, and we accordingly dismiss the appeal.

BACKGROUND

In August 2014, House filed an amended complaint against Skanska USA Civil West California District, Inc. and Skanska-Rados (defendants), alleging causes of action for trespass, negligence, and private nuisance. In December 2021, the parties attended a mandatory settlement conference and reached an agreement.

At a hearing on the matter, defendants' counsel stated that the parties had reached the following agreement: "The parties have agreed to settle for a total of $50,000. Payment to be made within 45 days of the execution of the long-form agreement. The long-form agreement will be sent to plaintiff's counsel within two days. [¶] Upon execution of the long-form agreement, plaintiff will file a request for dismissal within five days and each side is to bear its own cost and attorneys' fees."

The court asked House if she heard and accepted the terms of the agreement, and she answered both questions, "Yes." Defendants' principal and counsel also indicated that they agreed to the settlement as read. The court set an order to show cause concerning dismissal in March 2022, which the court would take off calendar if the "closing documents" were filed. House began representing herself a few weeks after the hearing.

2

In April 2022, defendants filed a motion under section 664.6 to modify terms of the settlement agreement and to enforce the agreement. Defendants sought to remove the condition requiring House to sign the long-form settlement agreement before defendants paid House the agreed amount and the case was dismissed. In support of the motion, defendants' counsel detailed the efforts he had undertaken to effectuate the agreement and outlined the communications he had with House concerning settlement after the agreement had been reached. House refused to execute the written settlement agreement, even after defendants modified it to address some of her concerns.

House opposed the motion. House argued, among other things, that (1) because each party had agreed to pay their own costs and fees, defendants should pay House $752 plus interest for a deposition that defendants took, and (2) the court should enter judgment in her favor in the amount of $471,000 or set the matter for trial because defendants had violated the court's order.

The court held a hearing on defendants' motion on May 19, 2022. Before the hearing, the court issued a tentative ruling, which was given to the parties. The tentative ruling indicated that the court was inclined to grant defendants' motion and deny House's request for $752 in deposition costs and for entry of judgment in her favor of over $400,000, and it further stated that the matter would be "dismissed upon payment of the funds by defendant."

At the hearing, defendants' counsel asked the court about how the matter would be dismissed after payment, given that the parties' agreement required House to request dismissal within five days of receiving payment. The court replied: "When that doesn't

3

happen, the Court can dismiss it because you have agreed under [section] 664.6. Once you made that check and you've given it to them, at that point in time, the case is dismissed. So you need to come in on an ex parte, or whatever motion you want to file, saying that you, you know, paid the check and that the matter should be dismissed." The court further reasoned, "I haven't looked at the case law. It may be dismissed by operation of law, but I don't know. If I was the attorney on it, I would want to make sure it was dismissed on the record."

The court adopted its tentative ruling as the final ruling. The minute order from the hearing states: "The matter is dismissed upon payment of the funds by defendant."

House filed a notice of appeal in July 2022. She stated that she was appealing from a "Judgment after court trial" entered on May 19, 2022, and also that she was appealing from a "Motion to modify and enforce defendants' long form settlement agreement pursuant to" section 664.6.

## DISCUSSION

The existence of an appealable order or "judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) We are independently obligated "'in this as in every matter to confirm whether jurisdiction exists.'" (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.) If an "order is not appealable, we must dismiss the appeal." (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277.)

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*).) Section 904.1 "lists appealable judgments and orders" in civil cases. (*Dana Point*, *supra*, at p. 5.) Section 904.1 codifies

4

"the one final judgment rule," which provides that an appeal is generally only allowable from a final judgment. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756). Interlocutory orders generally "'are not appealable, but are only "reviewable on appeal" from the final judgment.'" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292-1293 (*Doran*).) Section 904.1 sets forth exceptions to the one final judgment rule and identifies interlocutory orders that are appealable. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 780.) An order granting a motion under section 664.6 is not included among the appealable interlocutory orders listed in section 904.1. (§ 904.1., subd. (a)(1)-(14).)

Defendants argue that the appeal should be dismissed because the statement of appealability in House's opening brief does not comply with the rules of court, because she fails to explain why the May 19, 2022, order is appealable. (Cal. Rules of Court, rule 8.204(a)(2)(B).) In her opening brief, House contends that the appeal was taken under section 904.1, subdivision (a)(1), from the trial court's May 19, 2022, ruling, in which the court entered "a final judgment."[1] We disagree.

No judgment has been entered in this case. Nevertheless, in determining whether an "order is interlocutory and nonappealable, or final and appealable," we analyze "the substance and effect of the adjudication, and not the form." (*Doran*, *supra*, 76

---

[1] In her reply brief, House contends that the order granting defendants' section 664.6 motion "is appealable as a final order under [section] 904.1(a)(13) because it constitutes a final disposition of the case." That provision is inapplicable because it makes appealable "an order granting or denying a special motion to strike under Section 425.16." (§ 904.1, subd. (a)(13).)

Cal.App.4th at p. 1293; *Dana Point*, *supra*, 51 Cal.4th at p. 5.) "If no issues in the action remain for further consideration, the decree is final and appealable. But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory" and not appealable unless it is otherwise statutorily appealable. (*Doran*, at p. 1293.)

The court ordered that it would not dismiss the case unless and until defendants paid House the agreed amount. Thus, if defendants do not pay House $50,000, then the case will not be dismissed. From the register of actions included in the record on appeal, defendants did move for dismissal between the hearing on May 19, 2022, and July 2022, when House filed her notice of appeal. But the record also reflects that the court has not yet dismissed the action. Moreover, there is no indication in the record that defendants paid House $50,000. The issues of both payment and dismissal thus remain unresolved. Consequently, this is not a case in which the trial court merely failed to enter a formal judgment but at the same time left no issues for future consideration, allowing us to "amend [the] order to include a judgment." (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1252; *Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1183.) Rather, the May 19, 2022, order granting defendants' motion under section 664.6 did not finally dispose of the case and consequently is not appealable.

DISPOSITION

The appeal is dismissed.  Defendants shall recover their costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MENETREZ
J.


We concur:


CODRINGTON
Acting P. J.


FIELDS
J.