Filed 10/28/25  Duran v. Smallridge CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| JULIA DURAN, | C100595 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0051874) |
| v. | |
| ASHLEY SMALLRIDGE et al., | |
| Defendants and Respondents. | |

Plaintiff Julia Duran appeals from an order granting an ex parte application filed by one of the defendants in this ongoing civil action.  The portion of the order at issue directed Duran to return all funds and assets belonging to the Woodcreek Jr. Timberwolves (Timberwolves), a nonprofit organization for which she previously served as president of the board of directors.  Because Duran has not carried her burden to demonstrate error by the trial court, we affirm.

1

BACKGROUND

Although Duran's opening brief includes general background sections, those sections fail to adequately summarize "the significant facts" in this appeal with citations to the record, as required. (Cal. Rules of Court, rule 8.204(a)(1)(C), (a)(2)(C).) Duran has also supplied a very limited record of the trial court proceedings, failing to designate for inclusion in the appellate record, for example, the complaint instituting this action. From the record before us, it appears that, in December 2023, the Timberwolves membership voted to replace Duran with a new president of the board, effective January 1, 2024. After the election but before the end of her term as board president, Duran removed all of the Timberwolves's funds, stating that she had done so out of concern the organization was straying from its mission. She withdrew just over $100,000 from the organization's bank account and had the funds placed in a client trust account at her brother-in-law's law firm. When she informed the board that she had done so, board members reported her actions to the police and to the broader public.

Duran then filed this lawsuit against four Timberwolves board members, defendants Ashley Smallridge, Kim Watson, Timothy Watson, and Michael Bliss, for breach of fiduciary duty, involuntary judicial dissolution, defamation, negligent infliction of emotional distress, and intentional infliction of emotional distress, according to the parties' appellate briefs. In late January 2024, Smallridge, proceeding in propria persona (as she and the other defendants do in this appeal), filed an ex parte application asking the trial court to, among other things, order Duran's brother-in-law to return the funds and compel Duran to return all of the organization's assets. Smallridge attached a declaration and numerous exhibits in support of the request. Duran filed an opposition the same day and then filed further opposition in a response to certain interim orders not contained in the record.

On March 1, 2024, after a hearing, the trial court issued an order granting Smallridge's application.[1]  The court found that Smallridge had "made a sufficient showing that she and the other defendants are current board members for the Woodcreek Jr. Timberwolves, entitled to control over the funds and assets of the non-profit organization."  It ordered, among other things, that "Plaintiff Julia Duran and her counsel of record shall return all funds within the attorney's trust account that belong to Woodcreek Jr. Timberwolves" to the defendant board members within 10 days.  The order also directed Duran to provide within 10 days an itemized inventory of all Timberwolves assets in her possession and to return all of those assets within that same time frame.

Duran timely appealed the order.

DISCUSSION

We first consider our jurisdiction to address Duran's appeal.  Although defendants do not question the appealability of the trial court's order, a reviewing court must itself raise the issue "whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1."[2]  (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)  Ordinarily, interlocutory or interim orders are not immediately appealable and are only reviewable on appeal after final resolution of the case.  (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292-1293; see *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697 [explaining "one final judgment" rule].)  Section 904.1 sets out "various specific additional appealable orders that stand as exceptions to the general rule."  (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756, fn. 3.)  Duran argues, and defendants agree, that

[1]  The order also denied an application for a temporary restraining order or preliminary injunction filed by Duran; that denial is not challenged in this appeal.

[2]  Further undesignated statutory references are to the Code of Civil Procedure.

the trial court's order is appealable under section 904.1, subdivision (a)(5), which permits an appeal from "an order discharging or refusing to discharge an attachment or granting a right to attach order." We disagree because this case does not involve an attachment. Attachment "is a remedy by which a plaintiff with a contractual claim to money . . . may have various items of a defendant's property seized before judgment and held by a levying officer for execution after judgment." (*Waffer Internat. Corp. v. Khorsandi* (1999) 69 Cal.App.4th 1261, 1271, italics omitted; see *Kemp Bros. Construction, Inc. v. Titan Electric Corp.* (2007) 146 Cal.App.4th 1474, 1476 [discussing California's Attachment Law codified at § 482.010 et seq.].) The court here did not order, and no party requested, an attachment within the meaning of section 904.1, subdivision (a)(5).

We are satisfied, however, that the trial court's order is appealable under the next listed provision, as "an order granting . . . an injunction." (§ 904.1, subd. (a)(6).) Although the trial court did not use the word "injunction" in granting Smallridge's ex parte application, its order granted injunctive relief in effect. (*PV Little Italy, LLC. v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 142-143 ["Whether a particular order constitutes an appealable injunction depends not on its title or the form of the order, but on ' "the substance and effect of the adjudication" ' "].) An injunction is an order that either prohibits or "command[s] a person to perform a particular act." (*Id.* at p. 143; see § 525.) Here, the trial court's directives for Duran to return the trust account funds she had transferred and the tangible assets she had retained qualified as appealable injunctions.

We review a trial court's injunctive order for abuse of discretion, applying the substantial evidence standard to the trial court's resolution of disputed issues of fact and independent review to any legal determinations. (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409; *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 390.) "We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge all reasonable inferences to

4

support the trial court's order." (*Horsford*, at p. 390; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"].) As the appellant, it is Duran's "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred." (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264.) "This burden requires more than a mere assertion that the judgment [or order] is wrong." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Duran's opening brief includes fewer than two pages of argument supporting her request for reversal of the trial court's order. She argues that the court erred by failing to cite any legal standard, caselaw, or statute in support of its ruling and that the only legal authority cited in Smallridge's ex parte application—the California State Bar's Rules of Professional Conduct—does not support the granting of relief. She emphasizes that the Rules of Professional Conduct apply only to attorneys and represents that she is not an attorney. (See Bus. & Prof. Code, § 6077 [rules of professional conduct "are binding upon all licensees of the State Bar"]; Cal. Rules Prof. Conduct, rule 1.0(a) ["These rules . . . shall be binding upon all lawyers"].) But there is no indication that the trial court relied on the Rules of Professional Conduct as the basis for its order to return the funds. Rather, Smallridge's declaration and supporting exhibits provided substantial evidence supporting the trial court's finding that she and the other defendants are current board members of the Timberwolves and are therefore entitled to control the organization's funds and assets. (*Horsford v. Board of Trustees of California State University*, *supra*, 132 Cal.App.4th at p. 390 [factual findings subject to substantial evidence review]; *Huong Que, Inc. v. Luu*, *supra*, 150 Cal.App.4th at p. 409 [same].) Specifically, there was evidence that Duran transferred the Timberwolves's funds without a vote of the board of directors, in violation of the organization's bylaws, and that the funds were being held in the trust account of an attorney who did not represent the

5

Timberwolves as a client.  On this record, we see no abuse of discretion in the court's decision to order the funds returned to the organization.  Further, Duran cites no authority that the trial court was required to identify a particular standard, statute, or other authority in its ruling.  It is Duran, as the appellant here, who has the burden to present legal argument and authority demonstrating that the trial court erred.  (*In re Marriage of Arceneaux*, *supra*, 51 Cal.3d at p. 1133; *Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264.)  Because she has failed to do so, we affirm.

DISPOSITION

The trial court's March 1, 2024 order is affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


_____/s/_____
FEINBERG, J.


We concur:


_____/s/_____
BOULWARE EURIE, Acting P. J.


_____/s/_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.